WESTERN UNION TELEGRAPH COMPANY v. FOREMAN STUBBS.

Decided May 5, 1906.

**1.—Delay in Delivering Telegram—Agency—Pleading.**

A petition which alleged the sending of the following telegram: "Come to Foreman Stubbs. Come White Fish road: Case important. Rush. Answer. (Signed) W. A. Stubbs;" that the sickness of plaintiff's wife was the cause of sending the message, and that the sender was plaintiff's brother, which facts were made known to defendant by the sender, was not subject to demurrer on the ground that it failed to allege or show that the sender was agent for the plaintiff.

**2.—Charge—Measure of Damage.**

A charge to find for plaintiff whatever damages may have been "due him" is not reversible error in cases in which the damages recoverable are not capable of exact measurement.

**3.—Pain—Expert Testimony.**

An expert may testify that certain conditions shown by the evidence would produce pain.

**4.—Submission of Issue—Harmless Error.**

The case being one of negligence or nothing, it was error for the court to submit the issue of a parol agreement modifying the written contract on the telegraph blank.

**5.—Amount of Claim—Relevant Testimony.**

Plaintiff's suit being for $1,000 it was error to excluded testimony offered by defendant to show that plaintiff had claimed only $25 before filing suit.

Appeal from the County Court of Donley County. Tried below before Hon. G. P. Morgan.

*George H. Fearons* and *Huff, Barwise & Huff,* for appellant.

*H. B. White,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Unreasonable delay due to negligence in delivering the following telegram was the ground of recovery against appellant: "Alanreed, Texas, May 22, 1905. Dr. T. W. Carroll, Clarendon, Texas. Come to Foreman Stubbs. Come White Fish road; case important. Rush. Answer. (Signed) W. A. Stubbs." The sickness of appellee's wife caused him to thus summons the doctor, which fact was brought to the knowledge of appellant by the sender of the message, who was appellee's brother. This was sufficient notice to bring the suffering of appellee's wife within the contemplation of the parties, and the petition alleging these facts was therefore not subject to demurrer, as assigned by appellant, for failing to allege or show that appellant "had any notice that W. A. Stubbs was acting as the agent of Foreman Stubbs or the wife of Foreman Stubbs." This point is now well settled in Texas.

The ninth paragraph of the court's charge was objectionable, especially the concluding portion of it, so much so that it probably would have required the judgment to be reversed had appellee failed to re-

cover, but we do not see how it could have injured appellant, and therefore overrule the objections made to it under its third assignment.

The tenth paragraph of the charge should have done more than merely instruct the jury on the measure of damages to find for appellee whatever amount may have been "due him," but we are inclined to the opinion that this error of omission would not require the judgment to be reversed, especially as damages in this class of cases are in their nature incapable of exact measurement. The amount to be allowed is such sum as would afford reasonable compensation for the injury suffered, as indicated in the seventh special charge requested by appellant and refused by the court. That charge was properly refused, however, because it excluded one item of recovery which appellee was entitled to have considered by the jury.

The testimony of Dr. Carroll, admitted over objection, to the effect that the conditions named by him and shown by the evidence would produce pain, was clearly competent, he being an expert.

We see no serious objection to the court's charge on contributory negligence. It certainly contains nothing to the detriment of appellant.

The court erred in the seventh paragraph of the main charge in submitting to the jury the issue of a parol agreement modifying the written contract printed on the back of the blank on which the message was written, and for the same reason did not err in refusing the tenth special charge requested by appellant. The case was one of negligence or nothing, and the printed stipulations on the back of the message blank had nothing whatever to do with the issue. We are inclined to the opinion, however, that no harm could have resulted to appellant from the giving of the said seventh paragraph.

The court erred in excluding the testimony offered by appellant, tending to show that appellee had made a claim against it for twenty-five dollars on account of the delay in delivering the message to Dr. Carroll, this offer having been made prior to the institution of this suit, in which the amount of his claim was placed at one thousand dollars. It has several times been held that such testimony is admissible as an admission against interest, subject to such explanation as the witness may be able to make. This ruling we think necessitates the reversal of the judgment.

We are also inclined to the opinion that the judgment would have to be reversed because of the court's refusal to submit to the jury that phase of contributory negligence embodied in the thirteenth and fourteenth special charges requested by appellant, one or the other of which we think should have been given, and preferably the thirteenth.

The eleventh paragraph of the charge is subject to criticism for instructing the jury to reconcile, if possible, conflicting evidence.

The remaining assignments are overruled; but for the material errors above noticed the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*