KNIGHTS OF THE MODERN MACCABEES v. MARY F. GILLIS ET AL.

Decided February 5, 1910.

1.—Life Insurance—Payment of Dues—Evidence.

The issue being whether certain dues were paid within the time stipulated in the contract of insurance in a benevolent order, it was error to exclude the notice and proofs of death furnished by the beneficiary to which was attached the affidavit of the finance keeper of the lodge, to which the insured belonged, reciting the date when said dues or assessments were paid, the objection to said evidence being that it was hearsay as to the beneficiaries. Said papers were admissible as representations by the beneficiaries.

**2.—Testimony—Cross Examination—Change in Testimony.**

Where a plaintiff on the second trial of a cause had changed his testimony as to certain material dates, it was permissible for the defendant to ask him on cross examination if he had not changed his testimony as to said dates because on the first trial the jury had returned a verdict against him. The mere fact that the result of the first trial would thus incidentally be made known to the jury would not warrant the court in denying the defendant the right to prove that the plaintiff had changed his testimony in the belief that the verdict would also be changed. The broadest latitude should be allowed on cross-examination of an interested witness.

**3.—Husband and Wife—Agency—Admissions by Husband.**

A husband is so far the agent of the wife when engaged in the management of her property that statements and admissions by him may be received in evidence as admissions against her interest.

Appeal from the District Court of Bosque County. Tried below before Hon. O. L. Lockett.

*J. B. McIlwain* and *Cureton & Cureton,* for appellant.—The proof of death and payment of assessments required by a fraternal beneficiary association or order, furnished by the plaintiff under the conditions of the certificate and laws of the order and as an act necessary to be done in order to sustain an action against the order, is competent evidence in behalf of the order against the beneficiary; and in this case, where the proof of death was prepared by the beneficiary and her counsel and furnished the order in compliance with the terms of the certificate and laws of the order as a condition precedent to recovery, it was error upon the part of the court to exclude that part of the proof of death embraced in the affidavit of O. D. White, showing in substance that assessments Nos. 134 and 135 were paid on November 1, 1906 (which, if true, precluded a recovery on the certificate), because such affidavit, being a part of the proof of death so prepared and furnished the order by the beneficiary, was such use of a written document by the beneficiary as amounted to an approval of his statements as correct and to make it an admission by adoption, admissible against the interest of the beneficiary who is the plaintiff in this case. Mutual Benefit Ins. Co. v. Newton, 89 U. S., 32; Mutual Benefit Ins. Co. v. Higginbotham, 95 U. S., 380; Connecticut Mutual Ins. Co. v. Schwenk, 94 U. S., 593; Crotty v. Union Mut. L. Ins. Co., 144 U. S., 621; 2 Wigmore on Evidence, 1265, and cases cited in note 5; Elliott on Evidence, secs. 2387-2389; 7 Ency. Evidence, 547; 6 Current Law, 153; Bacon on Benefit Societies, sec. 42; Davey v. Aetna L. Ins. Co., 38 Fed., 650; Keels v. Mutual Reserve Life Ass'n, 29 Fed., 198; Behr v. Connecticut Mutual Life Co., 4 Fed., 357; John Hancock Mutual Ins. Co. v. Dick, 44 L. R. A., 846; Modern W. of W. v. Von Wald, 6 Kan., 231; Supreme Lodge O. of P. v. Bradley, 109 S. W., 1178; Prudential Ins. Co. v. Breustle, 41 S. W., 9; Buffalo Loan Co. v. Knights Templar & M. Aid Ass'n., 22 Am. St. Rep., 839; North Am. F. Ins. Co. v. Zaenger, 63 Ill., 464; Goldschmidt v. Mutual Ins. Co., 33 Hun, 441; Kipp v. Metropolitan Ins. Co., 41 N. Y. App. Div., 298; Hanna v. Connecticut Mut. Ins. Co., 150 N. Y., 526; Spencer v. Citizens' Mut. Ins. Co., 142 N. Y., 505; Houghton v. Aetna Ins. Co., 73 N. E., 592; Baldi v. Metropolitan Ins. Co., 24 Pa. Sup. Rep., 275.

The court erred in declining and refusing to permit the defendant to ask the plaintiff, A. W. Gillis, if his reason for changing his testimony as to the time and place when he paid assessments Nos. 134 and 135 to O. D. White, from what his testimony was in the first trial of the case, was not because the verdict of the jury on the first trial of the case was against the plaintiffs.

The evidence in this case shows that, at the time A. W. Gillis testified on the former trial of this case, which testimony was shown by the witness J. A. Feagin, he was the agent and representative of Mary F. Gillis throughout the preparation of the proofs of death, in the employment of counsel, and in the commencement and prosecution of this case, and that the testimony of the said witness Feagin was as to acts done and admissions made only after the institution of the suit and not before the inception of the agency, and the evidence showing that his testimony was given upon the witness stand and within the scope of his authority, and showing that he was acting in giving said testimony in good faith with Mary F. Gillis, said evidence was admissible as an admission against the said Mary F. Gillis, and the court erred in limiting its effect with the jury to the contradiction and impeachment of the said A. W. Gillis. McKay v. Treadwell, 8 Texas, 175 to 181; Harmon v. Leberman, 39 Texas Civ. App., 251; Cooper v. Ford, 29 Texas Civ. App., 253; Wigmore on Evidence, secs. 1078-2232; Best on Evidence (Morgan's edition), sec. 175, p. 271; 10 Current Law, 2092-93, and cases cited in notes; City of Joplin v. Freeman, 103 S. W., 130; Miller v. Jones, 107 S. W., 783; Monahan v. Schwartz, 108 S. W., 285; Moore v. Rose, 108 S. W., 1105.

*Odell & Johnson* and *W. F. Schenck* and *N. Frank Faulk,* for appellees.—That the proofs of death and the attached affidavit were not admissible in evidence: 3 Elliott on Evidence, secs. 2387, 2388 et seq., and cases cited under these sections; 7 Ency. Evidence, 373, 374, 375, 376, 377 et seq., and cases cited on said pages; Continental Casualty Co. v. Jennings, 44 Texas Civ. App., 14.

SPEER, ASSOCIATE JUSTICE.—Mary F. Gillis, joined by her husband A. W. Gillis, sought by this suit to recover from the Knights of the Modern Maccabees the sum of one thousand dollars, the amount of a benefit certificate in her favor on account of the death of her son, Furman A. Gillis. The trial resulted in a verdict and judgment in plaintiffs' favor for the amount sued for.

According to the agreement of the parties the real controversy between them is, whether death assessment No. 134 was paid to appellant or to some one duly authorized to receive the same, on or before October 30, 1906, and whether assessment No. 135 was paid on or before November 30, 1906. If these assessments were paid by Furman A. Gillis, or some one for him, before these respective dates, appellees, it seems would be entitled to recover, otherwise they would not. This is a sufficient statement of the case to make clear the assignments of error hereafter to be discussed.

Appellant complains first of the ruling of the court in refusing to permit it to introduce in evidence the notice and proofs of death fur-

nished by appellees, and particularly that part of same which is contained in the affidavit of one O. D. White attached to and made a part of said proof of death, which affidavit shows that Furman A. Gillis paid assessments Nos. 134 and 135 on November 1, 1906. O. D. White was shown to be finance keeper of Bosque Tent, No. 1386, of appellant order, of which deceased was a member. This testimony was excluded on the objection by appellees that the same was hearsay as to them, and not binding. In this ruling the court erred. The proofs of loss, including the affidavit in question, were furnished to appellant in accordance with the terms of the contract between the parties, and their contents were admissible in evidence as representations on the part of these appellees as to the date of the payment of death assessment Nos. 134 and 135. The representations contained in them were intended to influence the company's action, and good faith and fair dealing would require that the appellees should be held to such representations, unless they can show in excuse that they were made under a misapprehension of the facts. It is not contended, nor can it be, that such representations are conclusive on the parties, but practically all the authorities agree that the proofs are admissible as representations, or "admissions by adoption," as some of the writers put it, subject, however, to explanation or contradiction. Mutual Benefit Life Insurance Co. v. Newton (U. S.), 22 L. ed., 793; Jno. Hancock Mutual Life Insurance Co. v. Dick (Mich.), 44 L. R. A., 846; Haughton v. Aetna Life Insurance Co. (Ind.), 73 N. E., 592; 2 Wigmore on Evidence, page 1265; 7 Encyclopedia of Evidence, page 574; 3 Elliott on Evidence, page 870. While some courts have held otherwise, the great weight of authority and the better rule, we think, is as above indicated. The question has never been decided, so far as we are aware, in this State, but the principle involved is illustrated in our holding that abandoned pleadings and the like may be offered in evidence as admissions of the party filing them. Barrett v. Featherstone, 89 Texas, 567; Texas & P. Ry. Co. v. Goggin, 33 Texas Civ. App., 667 (77 S. W., 1053).

It is next insisted by appellant that the court erred in respect to the cross-examination of the appellee A. W. Gillis. This witness testified, in substance, that he had paid assessments Nos. 134 and 135 the first Monday in October, 1906, but on cross-examination admitted that he testified on a former trial that he paid these assessments in November, 1906. Appellant then asked the witness if it was not a fact that the reason he had changed his testimony as to the time and place he paid O. D. White these assessments was because on the first trial the jury had brought in a verdict against the plaintiffs. The court sustained the objection that this testimony would show the jury that the defendant gained the case on the first trial. It also appears by the explanation to the bill and from the statement of facts that the witness was fully cross-examined as to his testimony on the first trial. In this ruling, too, we think the court erred. It is, of course, true that the result of the first trial as such would not constitute evidence in the subsequent trial. But it is also true that the broadest latitude should be indulged on cross-examination to show a witness' bias or motive. The fact that the witness is a party, or otherwise in-

terested in the recovery—is related to any of the parties, and the like
—are cogent circumstances tending to affect his credibility. And the
mere fact that it thus incidentally put before the jury the fact that a
jury on a former trial had returned a verdict against the plaintiffs
would not warrant the court in denying appellant the right to prove,
if it could, that this witness, plaintiff as he was, had changed his
testimony in the belief that the verdict on another trial would also be
changed. Perhaps the evidence should have been limited by a charge,
if requested, but, at all events, it should not have been excluded.

Again, the court erred in giving the following special charge re-
quested by appellees, "You will not consider the evidence of the wit-
ness J. A. Feagin, stenographer, as to what the witness A. W. Gillis
testified to on any former trial or trials of this case for any purpose,
except that of contradicting or impeaching the credibility of said
witness Gillis, if it does so, and as to whether it does or not you are
to be the sole and exclusive judges." This was an improper limitation
on the right of the jury to consider the testimony of the witness
Feagin, in connection with the former testimony of appellee, A. W.
Gillis. A. W. Gillis had joined with his wife in the institution of this
suit, and as husband was vitally interested in the recovery, and was
so far the representative of his wife that the jury might be authorized
to consider his statements given in evidence on the former trial as ad-
missions against her interest. From what has already been said it
will be seen that such testimony was of a character to warrant such
conclusions.

We find no other errors in the record, but for those discussed the
judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*