## DE GARCIA v. CHEROKEE LIFE INS. CO. OF ROME, GA. (No. 5515.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 3, 1915. Rehearing Denied Dec. 1, 1915.)

1. INSURANCE ⬤⟶640—LIFE INSURANCE—SUICIDE AS DEFENSE — PLEADING — CORONER'S FINDING.

The allegation of the answer in an action on a life policy that the coroner found that insured committed suicide presents no defense; his finding not being proof or even evidence of suicide.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1609–1612, 1614–1624; Dec. Dig. ⬤⟶640.]

2. INSURANCE ⬤⟶550—LIFE INSURANCE—ADMISSION OF SUICIDE.

The sending to insurer by the beneficiary's attorney, with the proofs of death, of the coroner's finding of suicide, is not an admission by the beneficiary, who knew nothing of the coroner's investigation or report of the fact of suicide.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1359–1361; Dec. Dig. ⬤⟶550.]

3. EVIDENCE ⬤⟶271 — INSURANCE — CAUSE OF DEATH—DECLARATIONS.

An insurer sued on a life policy may not introduce a letter written by its officers stating that insured committed suicide.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068–1079, 1081–1104; Dec. Dig. ⬤⟶271.]

4. INSURANCE ⬤⟶659—LIFE INSURANCE—SUICIDE—EVIDENCE.

Evidence in an action on a life policy that several years before a brother of insured met a violent death, and another brother charged with his murder fled, has no bearing on the issue of insured having committed suicide.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1691–1693; Dec. Dig. ⬤⟶659.]

5. APPEAL AND ERROR ⬤⟶1050—PREJUDICIAL ERROR—ADMISSION OF EVIDENCE.

The evidence being sparce as to insured having committed suicide, erroneous admission of testimony which must have had a strong influence on the jury is prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ⬤⟶1050.]

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Action by Amparo C. De Garcia against the Cherokee Life Insurance Company of Rome, Ga. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Graham, Jones, West & George, of Brownsville, for appellant. Taliaferro, Cunningham & Birkhead, of San Antonio, and James B. Wells, Joseph K. Wells, J. T. Canales, and Harbert Davenport, all of Brownsville, for appellee.

FLY, C. J. This is a suit instituted by appellant against appellee for the recovery of a judgment for $3,000, and interest, besides 12 per cent. damages and $500 as attorney's fees on a certain life and accident insurance policy executed by the appellee on the life of Emanuel Garcia, a son of appellant. In the policy sued on appellant was named as the sole beneficiary. The policy was for the sum of $1,500 in case of death from natural causes, and for an additional $1,500 in case of death from an accidental cause.

Appellee answered by a general demurrer, a general denial, and defended on the ground that the insured had committed suicide during the first year of the existence of the policy, and that the amount payable to appellant should therefore be only the reserve on the policy, which is alleged to be $6.11. Appellee also offered to pay, in addition to the $6.11, $52.14, the amount of premium paid on said policy with interest.

The cause was tried by jury; the only issue submitted being whether or not Emanuel Garcia had committed suicide. The verdict of the jury was in favor of appellee, and judgment was accordingly rendered thereon.

[1] In the answer of appellee appears the following:

"That defendant does not and has not willfully refused to pay the amount due to plaintiff on said policy of insurance, but has always been ready and willing to pay the amount so actually due, which is as hereinbefore stated, and was not bound to pay to plaintiff any greater amount upon such policy when demanded by plaintiff, for the reason that the officer appointed by law to investigate violent killings, and who did, in fact, investigate the death of Emanuel Garcia, found the fact to be that he died from a gunshot wound inflicted by him, with the intention of taking his own life. And the officers of the defendant could not, in the exercise of their reasonable discretion and in justice to their policy holders, pay plaintiff's claim, in the face of such findings."

That portion of the answer was specially demurred to by appellant, and the overruling of that special exception is the subject of the first assignment of error. We are of the opinion that the court erred in overruling the exception. The answer presented no defense whatever to the suit of appellant. The finding of the coroner as to the insured's having committed suicide was not admissible in evidence, and, of course, was not admissible in the pleadings. The finding of the justice of the peace that insured committed suicide did not prove that fact. The presumption of the law is that no man kills himself, and evidence tending to show, not what some one else thought about the matter, but that the suicide was actually committed, must be adduced in order to successfully defend on that ground. It is well settled in Texas that a coroner's verdict is not admissible as evidence, and this is admitted upon the part of appellee. Boehme v. Sovereign Camp, W. O. W., 98 Tex. 376, 84 S. W. 422, 4 Ann. Cas. 1019. If appellee had no authority to refuse payment of the amount of the policy, then the finding of a coroner could be no justification for refusal to pay the same.

[2] It appears from the evidence that an attorney representing appellant sent to appellee, together with the proofs of death, the finding of the coroner, and it is insisted by appellee that this constituted an admission upon the part of appellant that the insured had come to his death at his own hands. Appellant was responsible for whatever was contained in the proofs of death, she having sworn to the same, but it was shown that she had no knowledge that the coroner had ever investigated the death of her son, and she knew nothing of any report made by him being sent to the company. It is impossible that the act of the attorney, in sending the report, could be distorted into an admission upon the part of appellant that her son had killed himself. In the case of Insurance Co. v. Newton, 89 U. S. (22 Wall.) 32, 22 L. Ed. 793, cited by appellee, there was an admission upon the part of the beneficiary that insured had killed himself, and, of course, that would be admitted as any other admission upon the part of a litigant affecting his interests. That case has no application to the facts of this case. The pleadings should have been stricken out and introduction of the evidence denied by the court. The first and second assignments are therefore sustained.

[3] The third assignment complains of the introduction in evidence of portions of a letter written by the officers of appellee, in which it was stated that the insured had committed suicide. It is clear that the evidence was inadmissible, and the third assignment is sustained.

[4] The court permitted witnesses to testify to the effect that a brother of Emanuel Garcia had met with a violent death about five years before the death of Emanuel Garcia, and that another brother was charged with his murder and had fled the country. This testimony could have had no conceivable bearing upon the issue of suicide upon the part of insured, and it was error to admit it. The fourth assignment of error is therefore sustained.

[5] We are of the opinion that the erroneous testimony had an effect in shaping the verdict of the jury. The evidence was very sparse as to the insured's having committed suicide, and the evidence objected to must have had a strong influence upon the jury.

The matters set up in the remaining as-

signments are not likely to arise on another trial of the case, and therefore need not be considered.

The judgment of the trial court is reversed, and the cause remanded.