BROTHERHOOD OF AMERICAN YEOMEN v. HICKEY. (No. 1701.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 29, 1916. Rehearing Denied Jan. 11, 1917.)

1. INSURANCE ☞819(2) — LIFE INSURANCE — GOOD HEALTH—SUFFICIENCY OF EVIDENCE.

In an action on a life policy, evidence held sufficient to sustain finding that insured was in good health at the time of making his application for insurance, as answered by him therein.

[Ed. Note.—For other cases, see Insurance; Cent. Dig. § 2007; Dec. Dig. ☞819(2).]

2. NEW TRIAL ☞68—FRAUD—CONSULTATION OF PHYSICIAN—MISREPRESENTATION.

In an action on a life policy, where the evidence showed that insured consulted a physician before applying for his policy for a slight or temporary ailment respecting his kidneys, which

was not of a character or extent of being material to the risk assumed, the court properly overruled insurer's motion for new trial on the ground that insured falsely and fraudulently stated in his application that he had consulted a physician in the last ten years only for remittent fever.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 135–140; Dec. Dig. ☞68.]

3. INSURANCE ☞818(4) — LIFE INSURANCE — EVIDENCE—PROOFS OF DEATH.

In an action on a life policy written by a fraternal beneficiary association, in the absence of condition in the policy that the proofs of death furnished under its terms should be evidence of the fact on a trial in behalf of the insurer, the court properly excluded from evidence, to show the cause of insured's death, and as admissions of plaintiff, the certificates of plaintiff, the attending physician, and coroner, furnished the insurer by plaintiff under the terms of the policy, since to make the testimony admissible in such form, rather than in the form of depositions as provided by the statutes, there would have to be an agreement of the parties.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 2003; Dec. Dig. ☞818(4); Coroners, Cent. Dig. § 28.]

4. APPEAL AND ERROR ☞1058(1)—HARMLESS ERROR—EVIDENCE.

In an action on a life policy, where plaintiff testified that insured died of tuberculosis of the lungs on August 10, 1914, the exclusion from evidence of plaintiff's affidavit furnished insurer as part of the proofs of death, to show the date and cause of insured's death, was harmless to the insurer.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200; Dec. Dig. ☞1058(1).]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by Mrs. Rhoda J. Hickey against the Brotherhood of American Yeomen. From a judgment for plaintiff, defendant appeals. Judgment affirmed.

The subject of this action is a policy of life insurance made upon the application of Algie B. Hickey, and by it the defendant, an incorporated fraternal beneficiary association, upon certain conditions undertook to pay to the plaintiff, his wife, upon his death the amount provided in the policy. The application, dated June 10, 1911, was a part of the contract, and the answers by the insured were warranted by him to be true. The application recites that the applicant agrees that the association shall understand that the answers are full, complete, and true, and that any untrue answer, concealment, misrepresentation, or suppression of insured's condition or habits, past or present, whether believed to be material or not, shall render the certificate of insurance null and void. Among those questions and answers were, the following:

"1. Are you in good health at the present time? Answer: Yes."

"8. Have you consulted a physician during the past ten years? Answer: Yes. If so, give name, cause and date of consultation. Answer: Remittent fever; July, 1905. Have you fully recovered? Answer: Yes."

"15. Have you ever had any of the following: Consumption? Answer: No. Disease of the genital or urinary organs? Answer: No. Disease of the lungs? Answer: No."

"17. Have you had any illness, ailment or injury not herein mentioned? Answer: No."

The defendant pleaded as a defense, that those answers were false, untrue, and material, and that the consequence was a breach of the warranty. The answer alleges:

"That in truth and in fact the plaintiff's insured herein was not in good health at the time he executed his said application; that he had in the years 1909, 1910, and 1911 before the execution of said application consulted various physicians, who had examined him and found him suffering with tuberculosis; that in truth and in fact he was afflicted with consumption and with disease of the urinary organs; that said false and untrue answers above set out, and each of them, were material to the risk assumed; that, had the defendant association been given true and correct answers to the above questions, the benefit certificate herein sued on would not have been issued."

The case was tried before a jury on special issues, and in accordance with their findings of fact judgment was rendered by the court in favor of the plaintiff. Before the trial of the case the defendant filed a written admission, in accordance with the rules, that the plaintiff has a good cause of action as set forth in her petition, except so far as it may be defeated in whole or in part by the facts of the defendant's answer. The insured died of tuberculosis of the lungs August 10, 1914. The jury made the findings of fact: (1) That A. B. Hickey was in good health on June 10, 1911, the date of his application; (2) that A. B. Hickey was in good health on June 30, 1911, the date his insurance policy was delivered to him; (3) that A. B. Hickey did not have consumption either at the date of his application or at the date of the delivery of his policy to him; (4) that A. B. Hickey did not have any disease of the genital or urinary organs either before or at the date of his application; and (5) that A. B. Hickey did not have any illness or ailment except malaria and smallpox before the date of his application. Further, the following question was submitted: "Did A. B. Hickey consult any physician within the ten years preceding June 10, 1911? If so, who and for what ailment?" And the jury made answer thereto, "Yes, remittent fever."

The evidence respecting the issues submitted to the jury is conflicting; and therefore the findings of the jury, having sufficient evidence to support them, are adopted as the facts.

Lacy & Bramlette, of Longview, R. A. Sexton, of Marshall, and Jno. D. Denison, Jr., of Des Moines, Iowa, for appellant. S. P. Jones, T. P. Harte, and Michael Harold, all of Marshall, for appellee.

LEVY, J. (after stating the facts as above). [1] Appellant insists that the trial court should have granted the motion for new trial upon the ground that the weight and pre-

ponderance of the evidence show that the insured at the time of making his application and at the date of the policy had tuberculosis of the lungs and had a disease of the urinary and genital organs and was not in good health as answered by him in his application. As to whether a person is in good health is essentially a question of fact, and in this case the evidence is conflicting as to whether the insured was in good health at the time of his application. According to the record, a competent physician, as proven, testifies that he examined the insured at the date of his application, and states the manner and mode of the examination. He testifies as follows:

"At the time I examined Hickey, he had none of the following diseases: Bright's disease, cough, consumption, difficulty in breathing, disease of heart, disease of genital or urinary organs, disease of lungs, irregularity of heart action, pains in chest, pleurisy, palpitation, pneumonia, spitting or coughing of blood. * * * Hickey had no disease at the time I examined him that was disclosed by my examination or otherwise. Yes, on June 10, 1911, at the time I examined him, Hickey was in good health."

And there was other evidence, by nonexperts, showing that the insured at the time was in apparent good health; while, on the other hand, there is evidence of competent physicians, as proven, and of others, showing that the insured was not in good health because of symptoms of tuberculosis of the lungs. In view of this conflict of evidence, this court does not feel warranted in holding that the trial court erred in overruling the motion for new trial upon this ground.

[2] Appellant makes the further contention that the trial court should have granted a new trial because the insured falsely and fraudulently stated in his application that he had consulted a physician in the last ten years only for remittent fever, when, as shown by the evidence, he had consulted Dr. Robinson within a few weeks prior to his application for a disease of the urinary and genital organs. Dr. Robinson testifies that Mr. Hickey himself "found something wrong with his urine, and he had an idea it was loss of semen and wanted me to give him some medicine." The physician made a microscopic examination of a sample of insured's urine, and discovered, as testified, tuberculosis germs, and "reached the conclusion that the kidney was being attacked by the tuberculosis bacilli." As to the extent of the trouble, the physician states:

"After straining the urine, there was left a very minute quantity of the substance. It would take gallons of urine to get any amount at all. I hardly got enough from each test to make a strain for a specimen to place under the microscope. I could not designate the quantity, but it was very minute. * * * The condition of his kidneys at that time must have been mild; that is, the attack must have been mild, judging from the fact that he was able to go about his work. The cells of the kidney were breaking down very slightly. I saw very few cells of the tube of the kidney."

Another physician testified that he examined the insured on June 10, 1911, several months after Dr. Robinson did, and that the insured had no disease of the genital or urinary organs. The jury made the finding on this issue that the insured did not have any disease of the genital or urinary organs before June 10, 1911, and on said date. And, if the insured did not have any disease of genital or urinary organs before June 10, 1911, as found by the jury, then the insured did not misrepresent or conceal his physical condition in that respect. And even though it be true that the insured did consult a physician before June 10, 1911, for some slight or temporary cause or ailment respecting his kidneys, the trial court was authorized to find, in the light of the evidence, as in support of his judgment we must assume he did, that the ailment was not of a character or to the extent of being material to the risk assumed. Article 4834, Vernon's Sayles' Stat. It is believed the court did not err in overruling the motion for new trial upon the ground urged. The first and second assignments of error are overruled.

[3, 4] The third, fourth, and fifth assignments of error relate to the admissibility of evidence. The appellant offered in evidence, and the court sustained the objection to the introduction of the proofs of death, the certificates of the plaintiff, the attending physician, and the coroner furnished to the defendant by the plaintiff under the terms of the policy. The evidence was offered for the purpose of showing the cause of the death of the insured, and as admissions of the plaintiff. There is no condition in the policy that the proofs of death furnished under the terms of the policy shall be evidence of the fact in a trial in behalf of the defendant. In order to make the testimony admissible in that form, rather than by the form of depositions as provided by the statutes, there would have to be an agreement of the parties to so use the evidence in that form. The case of Kipp v. Insurance Co., 41 App. Div. 298, 58 N. Y. Supp. 494, cited by appellant, showed an agreement of the parties. In that case the opinion states:

"The policy provided that such proofs should contain answers to each question propounded to the claimant, physicians, and other persons, and that all the contents of such proof should be evidence of the facts therein stated in behalf of the insurance company, but not against it."

And if the affidavit of plaintiff herself, furnished as a part of the proofs, was an admission, to show the date and cause of the death of the insured, the error in not admitting such affidavit is harmless, for the plaintiff herself testified that the insured died of tuberculosis of the lungs on August 10, 1914.

The judgment is affirmed.