### THORNELL v. MISSOURI STATE LIFE INS. CO. (No. 384—3652.)

(Commission of Appeals of Texas, Section B. March 14, 1923.)

1. **Evidence ⚖️220(6)—Statements of suicide in proofs of loss admissible against beneficiary as admissions.**

Statements of coroner and others of death of insured by suicide contained in proofs of death, without any disclaimer by beneficiary, are admissible against the beneficiary as admissions by adoption.

2. **Evidence ⚖️215(1)—Though proofs of death were prepared by agent, statements admissible against beneficiary.**

Statements in proofs of death of suicide of insured are admissible against beneficiary, though proofs were prepared by agents.

3. **Evidence ⚖️263(1)—Statements of death by suicide in proofs of death not conclusive against beneficiary.**

Statements of coroner and others of death of insured by suicide contained in proofs of death, while admissible against, are not conclusively binding on, beneficiary, but are subject to explanation or contradiction.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Mrs. Patty L. Thornell against the Missouri State Life Insurance Company. Judgment for defendant was affirmed by the Court of Civil Appeals (229 S. W. 653), and plaintiff brings error. Affirmed.

W. J. Weaver and J. S. Simkins, both of Corsicana, for plaintiff in error.

Locke & Locke and Paul O'Day, all of Dallas, for defendant in error.

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

POWELL, J. The Court of Civil Appeals states the case in part as follows:

"The Missouri State Life Insurance Company on February 13, 1918, issued two policies of life insurance, each in the sum of $1,000, payable upon the death of Thomas A. Thornell to Patty L. Thornell, wife of the insured, as beneficiary. The policies each stipulated: 'In case of death by self-destruction, sane or insane, within one year from date of issue, the liability of the company shall be limited to an amount equal to the premiums paid hereon.'

"The insured died May 6, 1918. The beneficiary brought the suit to recover the amount of the two policies and the statutory penalty, interest, and attorney's fees. The insurance company answered by general denial and specially pleaded, in avoidance, that the insured came to his death by self-destruction, which fact rendered the insurance company liable only, as stipulated, for an amount equal to the premiums paid, which was tendered into court. Plaintiff filed a supplemental petition in denial of the answer of the defendant.

"The case was tried before a jury, and the verdict was in favor of the insurance company. The court charged the jury as follows: 'You are instructed to find for the plaintiff the amount of the two life insurance policies and 6 per cent. interest from May 6, 1918, and the penalty of 12 per cent. upon the face amount of the two policies, and reasonable attorney's fees, agreed upon to be $300 unless you find for defendant in the following: You are instructed that if you find from the evidence that Thomas A. Thornell came to his death by self-destruction, sane or insane, then you will find for defendant upon that issue, and find for plaintiff $68.20 premiums paid. The burden of proof is on the defendant insurance company to establish by a preponderance of the evidence that Thomas A. Thornell came to his death by self-destruction, sane or insane, and unless you find that the defendant has done this you find against the defendant on this issue.'

"There is involved in the verdict of the jury the finding of fact that the insured committed suicide, and the circumstances in evidence strongly support this finding of fact, which, in deference to the verdict, is here adopted."

Upon the verdict of the jury, the trial court entered judgment in favor of plaintiff for $68.20, the amount of the premiums paid, with interest thereon from date of judgment, and also for costs of court.

Upon appeal to the Court of Civil Appeals, the judgment of the district court was affirmed. See 229 S. W. 653. Upon proper application therefor by plaintiff in error, the Supreme Court granted a writ of error herein "on conflict with De Garcia v. Cherokee Life Ins. Co. (Tex. Civ. App.) 180 S. W. 153."

We think, in passing upon the controlling question upon this appeal, it will be helpful for us to quote further from the opinion of the Court of Civil Appeals as follows:

"The insurance company proved by its secretary that the company had 'received from the plaintiff in this case some papers as proofs of the death of the insured, T. A. Thornell,' and the witness then identified the papers 'now in my possession' as 'the originals of such papers.' The insurance company then offered in evidence such original proofs of the death of the insured made to it by the beneficiary in the policy as admissions against the beneficiary of the facts therein stated. The appellant objected, and the court overruled the objection to the admission in evidence of such proofs of death; and the first, second, third, and fourth assignments of error complain of the ruling and predicate error in the two propositions made thereunder: (1) That 'the attending physician's certificate and coroner's certificate offered in evidence by the defendant as a part of the proofs of death are not admissible or competent to show the cause or manner of death of T. A. Thornell, insured'; and (2) 'the evidence on the issue of suicide being conflicting, the death proofs offered in evidence were calculated to and did influence the jury in determining this issue against the appellant.' The appellee did not offer 'the proofs of death' as original evidence to prove 'the cause or manner of death of the insured' was self-destruction, but as evidence of admission by the beneficiary of the facts therein stated. The appellee claimed in its answer that the insured committed suicide, and for which death there was no liability. The appellant by supplemental petition denied the fact alleged in the answer. Therefore the insistence of appellant was in her pleading that the insured did not commit suicide. The question then is: Was it error to permit the insurance company to offer in evidence the proofs of death furnished by the beneficiary, as in the nature of admissions by her of the facts therein stated? The original proofs of death as submitted to the company, and, as offered in evidence, were all bradded together, and consisted of a 'claimant's statement' and affidavit thereto of the beneficiary, and 'attending physician's statement' and his affidavit, and 'undertaker's statement' with his affidavit, and a certified copy of a coroner's verdict, and an affidavit of the beneficiary. The statements, except the coroner's verdict, were on blanks, in question and answer form, furnished by the insurance company. The 'claimant's statement,' which was the first document, was signed and sworn to by the appellant, and is in effect proof of claim of the beneficiary for the amount of the policy because of the death of the insured. The next document was the 'attending physician's statement,' signed and sworn to by a physician, and, as material, states:

" 'Q. 6. When did deceased show the symptoms of final illness? A. 5—6—18 a. m.

" 'Q. 7. Date of your first visit or prescription in deceased's last illness. A. 5—6—18. Saw him after death (no one saw him before death).

" 'Q. 8. Date of your last visit. A. 5—6—18.

" 'Q. 9. Place and date of death. A. Corsicana, Tex., 5—6—18.

" 'Q. 10. State the disease of which the deceased died and any important medical facts connected therewith. A. Carbolic acid poisoning; suicide.

" 'Q. Describe the injuries, stating whether or not there were any contusions or wounds. A. Lips white from acid burns.'

"The 'undertaker's statement,' the next doc-

ument, was a showing of date of death, identity of deceased as the insured, and place of interment. The next document was the coroner's verdict, certified, and reading:

" 'The State of Texas, County of Navarro.

" 'In the matter of the death of T. A. Thornell.

" 'I, J. E. Norwood, justice of the peace, and acting coroner over the dead body of T. A. Thornell, having viewed the body and after having made diligent inquiry into the cause, time, and manner of his death, find that the said T. A. Thornell is dead; that he came to his death on the morning of May 6, 1918, by swallowing carbolic acid administered by his own hand.

" 'Given under my hand this 6th day of May, 1918. [Signed] J. E. Norwood, Justice of the Peace and Acting Coroner.'

"The 'instructions' on the blank provide: 'When a coroner's inquest has been held, a copy of the verdict duly certified must be furnished.' Then follows the subscribed affidavit of the appellant: 'That I am the beneficiary named under policies Nos. 171918 and 171919 on the life of the late Thomas A. Thornell, and I further certify that my name is Pattie L. Thornell, whose name is shown in the application for the said policies, and further I say not.'

"As seen, the statements in the proofs show that the death was occasioned in such manner as to relieve the insurance company from responsibility and are inconsistent with the subsequent claim of the beneficiary in her suit that the death was not suicide. * * *

"It is believed that a statement as to the cause of the death of the insured presented to the insurance company by the beneficiary, as here, as proofs of death of the insured, and which is inconsistent with the subsequent claim of the beneficiary, is competent evidence against such beneficiary, as an admission. Mutual Benefit Life Ins. Co. v. Newton, 89 U. S. (22 Wall.) 32, 22 L. Ed. 793; K. of P. v. Beck, 181 U. S. 49, 21 Sup. Ct. 532, 45 L. Ed. 741; Leman v. Ins. Co., 46 La. Ann. 1189, 15 So. 388, 24 L. R. A. 589, 49 Am. St. Rep. 348; Walther v. Ins. Co., 65 Cal. 417, 4 Pac. 413; Knights of Modern Maccabees v. Gillis, 59 Tex. Civ. App. 109, 125 S. W. 338; 7 Ency. of Evid. p. 754; 3 Elliott on Evid. § 2387. See 2 Wigmore on Evid. §§ 1048 and 1073."

[1] It is contended by counsel for the beneficiary that these proofs of death, particularly the statements of the physician and coroner, were not admissible in evidence for any purpose. Strangely enough this very question seems never to have reached the Supreme Court of Texas, directly or indirectly. We shall now refer to the only five cases we can find in the Courts of Civil Appeals of Texas which discuss the admissibility of such proofs of death for any purpose.

The instant case was decided by the Court of Civil Appeals at Texarkana, and we have already shown that its decision holds them admissible for certain purposes. In the case at bar the court refers to its own former opinion in the case of American Yoemen v. Hickey, 191 S. W. 162, and shows that this latter decision is not in conflict with its later opinion in the instant case.

The Court of Civil Appeals at El Paso, in the case of Green v. Insurance Co., 219 S. W. 552, followed the rule laid down in the case of American Yoemen v. Hickey, supra, and cited no other authority upon the very point it had under consideration.

Not even the rules laid down either in the case of Yoemen v. Hickey, supra, or Green v. Insurance Co., supra, ever reached the Supreme Court. No application for writ of error was filed in either case. We do not think those two decisions reached the point at issue here any way.

The only case in Texas which we think could possibly conflict with the decision in the instant case is that of De Garcia v. Insurance Co., 180 S. W. 153, and being the very case mentioned by the Supreme Court in granting the writ herein, as already shown. In the De Garcia Case the Court of Civil Appeals at San Antonio held that certain proofs of death sent in by an attorney for the beneficiary could not be admissible in evidence as an admission by the beneficiary. Chief Justice Fly handled the matter very briefly and cited no other case whatever in support of his conclusion.

There was an application for writ of error in the De Garcia Case, but same was dismissed by the Supreme Court in 1916 for want of jurisdiction. At that time matters of substantive law only were within subdivision 6 of the Supreme Court jurisdiction statute, as expressly provided. The case involved matters relative to alleged errors in the admission of testimony. Therefore the Supreme Court has not, in dismissing said application for want of jurisdiction, in any way passed upon the ruling in the De Garcia Case.

On the other hand, in addition to the decision in the instant case, there is an opinion by the Court of Civil Appeals at Fort Worth very much in point. We refer to the case of Modern Maccabees v. Gillis, 59 Tex. Civ. App. 109, 125 S. W. 338. We quote as follows from that decision:

"Appellant complains first of the ruling of the court in refusing to permit it to introduce in evidence the notice and proofs of death furnished by appellees, and particularly that part of same which is contained in the affidavit of one O. D. White attached to and made a part of said proof of death, which affidavit shows that Purman A. Gillis paid assessments Nos. 134 and 135 on November 1, 1906. O. D. White was shown to be finance keeper of Bosque Tent, No. 1386 of appellant order, of which deceased was a member. This testimony was excluded on the objection by appellees that the same was hearsay as to them and not binding. In this ruling the court erred. The proofs of loss, including the affid vit in question, were furnished to appellant in accordance with the terms of the contract between

the parties, and their contents were admissible in evidence as representations on the part of these appellees as to the date of the payment of death assessments Nos. 134 and 135. The representations contained in them were intended to influence the company's action, and good faith and fair dealing would require that the appellees should be held to such representations, unless they can show in excuse that they were made under a misapprehension of the facts. It is not contended, nor can it be, that such representations are conclusive on the parties, but practically all the authorities agree that the proofs are admissible as representations, or 'admissions by adoption,' as some of the writers put it, subject, however, to explanation or contradiction. 'Mutual Benefit Life Insurance Co. v. Newton, 22 Wall. 32, 22 L. Ed. 793; Jno. Hancock Mutual Life Insurance Co. v. Dick, 117 Mich. 518, 76 N. W. 9, 44 L. R. A. 846; Haughton v. Ætna Life Insurance Co., 165 Ind. 32, 73 N. E. 592; Wigmore on Evidence, vol. 2, p. 1265; Encyclopedia of Evidence, vol. 7, p. 574; Elliott on Evidence, vol. 3, p. 870. While some courts have held otherwise, the great weight of authority and the better rule, we think, is as above indicated. The question has never been decided so far as we are aware in this state, but the principle involved is illustrated in our holding that abandoned pleadings and the like may be offered in evidence as admissions of the party filing them. Barrett v. Featherstone, 89 Tex. 567, 35 S. W. 11, 36 S. W. 245; T. & P. Ry. Co. v. Goggin, 33 Tex. Civ. App. 667, 77 S. W. 1053."

There was no application to the Supreme Court for writ of error in the case just quoted from.

It will be seen that the weight of authority in Texas is in line with the decision in the instant case. Leaving the state of Texas, we find a practical unanimity of opinion sustaining the decision of the Court of Civil Appeals in the case at bar. In this connection, we quote as follows from the brief filed by counsel for the insurance company:

"Any statement, as to the cause of the death of the insured, presented to the company by the beneficiary, as a part of the proofs of death, and inconsistent with his subsequent claim with reference thereto, is competent evidence against him, as an admission.

"Authorities.

"Knights of Modern Maccabees v. Gillis; 59 Tex. Civ. App. 109, 125 S. W. 338; Mutual Life Ins. Co. v. Newton, 89 U. S. (22 Wall.) 32, 22 L. Ed. 793; Mutual Benefit Life Ins. Co. v. Higginbotham, 95 U. S. 380, 24 L. Ed. 499; Home Benefit Ass'n v. Sargent, 142 U. S. 691, 12 Sup. Ct. 332, 35 L. Ed. 1160; Crotty v. Union Mutual Life Ins. Co., 144 U. S. 621, 12 Sup. Ct. 749, 36 L. Ed. 566; Pythias Knights' Supreme Lodge v. Beck, 181 U. S. 49, 21 Sup. Ct. 532, 45 L. Ed. 741; Acord v. Western Pocahontas Corporation (C. C.) 156 Fed. 989; Hassencamp v. Mutual Benefit Life Ins. Co., 120 Fed. 475, 56 C. C. A. 625; Sharland v. Washington Life Ins. Co., 101 Fed. 206, 41 C. C. A. 307; Supreme Lodge, Knights of Pythias,

v. Beck, 94 Fed. 751, 36 C. C. A. 467; Travelers' Ins. Co. v. Melick, 65 Fed. 178, 12 C. C. A. 544, 27 L. R. A. 629; Keels v. Mutual Reserve Fund Life Ins. Ass'n (C. C.) 29 Fed. 198; Parmelee v. Ins. Co., 54 N. Y. 193; McMaster v. Ins. Co., 55 N. Y. 222, 228, 233, 14 Am. Rep. 239; Wasey v. Travelers' Ins. Co., 126 Mich. 119, 85 N. W. 459, 461; Travelers' Ins. Co. v. Nicklas, 88 Md. 470, 41 Atl. 906; Fisher v. Fidelity Mut. Ins. Ass'n, 188 Pa. 1, 41 Atl. 467; Modern Woodmen of America v. Davis, 184 Ill. 236, 56 N. E. 300; Modern Woodmen of America v. Van Wald, 6 Kan. App. 231, 49 Pac. 782; Mutual Life Ins. Co. v. Stibbe, 46 Md. 302; Bradley v. John Hancock Mutual Life Ins. Co., 20 App. Div. 22, 46 N. Y. Supp. 627; Modern Woodmen of America v. Kczak, 63 Neb. 146, 88 N. W. 248; Trudden v. Metropolitan Life Ins. Co., 50 App. Div. 473, 64 N. Y. Supp. 183; Bentz v. Northwestern Aid Ass'n, 40 Minn. 202, 41 N. W. 1037, 2 L. R. A. 784; Hanna v. Connecticut Mut. Life Ins. Co., 150 N. Y. 526, 44 N. E. 1099; Knights Templars' & Masons' Life Indemnity Co. v. Crayton, 209 Ill. 550, 70 N. E. 1066; John Hancock Mutual Life Ins. Co. v. Dick, 117 Mich. 518, 76 N. W. 9, 44 L. R. A. 846; Denver Life Ins. Co. v. Price, 18 Colo. App. 30, 69 Pac. 313; Supreme Lodge Knights of Honor v. Fletcher, 78 Miss. 377, 28 South. 872, 29 South. 523; Hart v. Trustees of Supreme Lodge of Fraternal Alliance, 108 Wis. 490, 84 N. W. 851; Voelkel v. Supreme Tent, Knights of Maccabees of the World, 116 Wis. 202, 92 N. W. 1104; Walther v. Mutual Life Ins. Co., 65 Cal. 417, 4 Pac. 413; Leman v. Manhattan Life Ins. Co., 46 La. Ann. 1189, 15 South. 388, 24 L. R. A. 589, 49 Am. St. Rep. 348; Stephens v. Metropolitan Life Ins. Co., 190 Mo. App. 673, 176 S. W. 253; Leonard v. John Hancock Mutual Life Ins. Co., 76 Misc. Rep. 529, 135 N. Y. Supp. 564; Metropolitan Life Ins. Co. v. Rutherford, 98 Va. 195, 35 S. E. 361; Cox v. Royal Tribe of Joseph, 42 Or. 365, 71 Pac. 73, 60 L. R. A. 620, 95 Am. St. Rep. 752; Askey v. New York Life Ins. Co., 102 Wash. 27, 172 Pac. 887, L. R. A. 1918F, 267; Reserve Loan Life Ins. Co. v. Ison (Okl. Sup.) 173 Pac. 841; Union Mutual Aid Ass'n of Mobile v. Carroway, 201 Ala. 414, 78 South. 792; Zimmerman v. Fraternal Reserve Ass'n, 166 Wis. 446, 166 N. W. 5; Barker v. Metropolitan Life Ins. Co., 198 Mass. 375, 84 N. E. 490; Hill v. Ætna Life Ins. Co., 150 N. C. 1, 63 S. E. 124; Security Bank of Richmond v. Equitable Life Ins. Co., 112 Va. 462, 71 S. E. 647, 35 L. R. A. (N. S.) 159, Ann. Cas. 1913B, 836; Dischner v. Piqua Mutual Aid & Accident Ass'n, 14 S. D. 436, 85 N. W. 998; Nelson v. Nederland Life Ins. Co., 110 Iowa, 600, 81 N. W. 807; Bentley v. Standard Fire Ins. Co., 40 W. Va. 729, 23 S. E. 584; Rasicot v. Royal Neighbors of America, 18 Idaho, 85, 108 Pac. 1049, 29 L. R. A. (N. S.) 433, 138 Am. St. Rep. 180.

"Argument.

"As indicated by the list of authorities cited above, this question is one which has been very frequently presented to the courts for adjudication, and on which there is a practical unanimity of opinion. Investigation of the authorities shows that the supreme court of the United States, the federal courts, the

courts of Massachusetts, Connecticut, New York, Pennsylvania, Maryland, West Virginia, North Carolina, South Carolina, Georgia, Florida, Alabama, Mississippi, Illinois, Wisconsin, Michigan, Minnesota, Iowa, Missouri, Oklahoma, North Dakota, South Dakota, Nebraska, Kansas, Colorado, Idaho, Montana, Washington, Oregon, and California have all reached the same conclusion with respect to the admissibility of the certificate of the coroner's inquest furnished by the beneficiary as a part of the proofs of loss. The Supreme Court of the state of Kentucky is the only one which has reached a contrary conclusion. Ins. Co. v. Kaiser, 115 Ky. 539, 74 S. W. 203."

We have read numbers of the decisions just listed, and we are clearly of the view that they sustain the proposition laid down by counsel.

The leading case upon the point in controversy is that by the Supreme Court of the United States, speaking through Justice Field, in the case of Insurance Co. v. Newton, 89 U. S. 32 (22 Wall.) 22 L. Ed. 793. We quote from that decision as follows:

"But the court also erred in excluding from the jury the proofs presented of the death of the insured when offered by the company. When the plaintiff was permitted to show what the agent and officers of the company admitted the proofs established, it was competent for the company to produce the proofs thus referred to and use them as better evidence of what they did establish.

"But, independently of this position, the proofs presented were admissible as representations on the part of the party for whose benefit the policies were taken as to the death and the manner of the death of the insured. They were presented to the company in compliance with the condition of the policy requiring notice and proof of the death of the insured as preliminary to the payment of the insurance money. They were intended for the action of the company, and upon their truth the company had a right to rely. Unless corrected for mistake, the insured was bound by them. Good faith and fair dealing required that she should be held to representations deliberately made until it was shown that they were made under a misapprehension of the facts, or in ignorance of material matters subsequently ascertained.

"There are many cases which hold that, where a mistake has occurred in the preliminary proofs presented, and no corrected statement is furnished the insurers before trial, the insured will not be allowed on the trial to show that the facts were different from those stated. The case of Campbell v. Charter Oak Insurance Company, decided by the Supreme Court of Massachusetts, and the case of Irving v. Excelsior Insurance Company, decided by the Superior Court of the City of New York, are both to this effect. It is not necessary, however, to maintain any doctrine as strict as this in the present case; and possibly the rule there laid down is properly applicable only where the insurers have been prejudiced in their defense by relying upon the statements contained in the proofs. Be that as it may, all that we now hold is that the preliminary proofs are admissible as prima facie evidence of the facts stated therein against the insured and on behalf of the company. No case has come under our observation, other than the present, where the preliminary proofs presented by the insured have been entirely excluded as evidence when offered by the insurers; the question being in all the cases whether these proofs estopped the insured from impeaching the correctness of their statements, or from qualifying them, or whether they were subject to be explained and varied or contradicted on the trial."

The decision in the Newton Case was by an unanimous court and has been repeatedly reasserted by that court. See Mutual Benefit Life Ins. Co. v. Higginbotham, 95 U. S. 380, 24 L. Ed. 499; Crotty v. Union Mutual Ins. Co., 144 U. S. 621, 12 Sup. Ct. 749, 36 L. Ed. 566; Pythias Knights' Supreme Lodge v. Beck, 181 U. S. 49, 21 Sup. Ct. 532, 45 L. Ed. 741. See, also, the decision of the Circuit Court of Appeals for this circuit in Sharland v. Washington Life Ins. Co., 101 Fed. 206, 41 C. C. A. 307.

In Crotty v. Ins. Co., 144 U. S. 621, 626, 12 Sup. Ct. 749, 750 (36 L. Ed. 566). Justice Brewer speaks as follows:

"The purpose of proofs of death in life insurance and proofs of loss in fire insurance cases is to put the insurance company in possession of the facts concerning the death or loss as claimed by the beneficiary or insured upon which it is to base its determination as to making or refusing payment. * * *"

The Newton Case has been followed in numbers and numbers of opinions, as can be seen in Rose's Notes on United States Supreme Court Reports.

The text-writers are equally clear and strong. We quote from some of them as follows:

2 Wigmore on Evidence, § 1073, pt. 4:

"The party's use of a document made by a third party will frequently amount to an approval of its statement as correct, and thus it may be received against him as an admission by adoption. An instance of this application of the principle is the insured's or beneficiary's presentation of the proofs of loss to the insurer. (Note.—This much is generally accepted as unquestioned; the only matter of argument being the conclusiveness of such proofs by way of estoppel.)"

7 Encyclopedia of Evidence, p. 574:

"The proofs of loss are competent evidence against the party furnishing them of the cause or extent of a loss, or the cause of death of an insured person, or of any material fact therein recited. Ordinarily the rule extends to certificates and affidavits of physicians and others, and verdicts of coroners' juries and marine protests furnished as parts of the proofs of loss by the assured voluntarily, or under the terms of the insurance contract."

3 Elliott on Evidence, § 2387:

"Life insurance companies, like fire insurance, require notice and proofs of death to be

furnished within stated times by the beneficiary or some one in his behalf. This requirement must be strictly complied with, or a showing that it has been waived. These proofs may be used as admissions against the beneficiary. The rule is that such preliminary proofs are admissible as prima facie evidence of the facts stated therein against the assured and on behalf of the company. But the rule is that the proofs of loss are not conclusive evidence against the claimant."

Counsel for plaintiff in error, in addition to the De Garcia Case in Texas, already mentioned by us, cite but one other case anywhere which holds these proofs of death inadmissible as admissions of the beneficiary. This one case is that of Insurance Co. v. Kaiser, 115 Ky. 539, 74 S. W. 203. In that case the Court of Appeals of Kentucky held the proofs of death inadmissible, unless for purposes of impeachment under certain conditions. The court, in this Kentucky case, cites no authority in support of its conclusion, nor does it undertake to reconcile its views therein with its own former decision in the case of Insurance Co. v. Breustle's Administrator (Ky.) 41 S. W. 9.

[2] But counsel for plaintiff in error contend that portions of the proofs of death, particularly the certificate of the coroner, were sent by others than the beneficiary, and therefore not binding upon her. Upon this point the Court of Civil Appeals finds that Mrs. Thornell's brother and brother-in-law were acting as her agent in the matter of securing the necessary data for the proofs of death and sending them to the company. This finding is amply sustained by the record. The beneficiary herself testified that these parties attended to the proofs. Not only so, but she herself signed the proofs at the various places prepared in the forms for that purpose.

The record supports the finding of the Court of Civil Appeals that all these proofs of death in evidence were sent together at one and the same time to the insurance company by Mrs. Thornell, or her authorized agents. In either event they are admissible in evidence for what they are worth. This very point is decided by Justice Field in the Newton Case, supra, when, speaking for the court, he says:

"The fact that the proofs were presented by the father of the plaintiff, and not by the plaintiff herself, cannot change their character. They were the only proofs presented, and without them there was no attempted compliance with the condition of the policies. He was the agent of the plaintiff with respect to the policies, intrusted by her with the presentation of the preliminary proofs. Presented in her name and by her agent in the matter, and constituting the essential preliminary to her action, they must stand as her acts, and the representations made therein must be taken as true until at least some mistake is shown to have occurred in them."

[3] The only real controversy about the admissibility of such proofs of death is, as stated in many of the authorities, as to whether or not such proofs are conclusively binding upon the beneficiary. We are glad the Texas courts have adopted the more liberal rule to the effect that these so-called "admissions by adoption" are admitted subject to explanation or contradiction. Maccabees v. Gillis, 59 Tex. Civ. App. 109, 125 S. W. 338.

We are not surprised to find the authorities so nearly unanimous on the admissibility of these proofs of death, for we think the rule they announce is sound in principle and based upon good reason. For instance, let us take the case at bar. Under the very terms of these policies, payment was to be made immediately upon receipt of due proofs of death. It was the duty of the beneficiary, in trying to collect her policies, personally, or through her agents, to furnish the company these proofs of death in order that it might determine its liability. The company furnished these forms and instructions as an aid to her in preparing the required proofs. She and her agents promptly prepared them and certainly the proofs ordinarily could not be better made than by the physician, undertaker, and coroner. As said by the authorities, the company is entitled, in all good faith, to the truth in these reports, for they are presumed to part with their money upon the strength of the same. So the law indulges a prima facie presumption that, when a beneficiary furnishes proofs of death, he has made a diligent effort to furnish statements which are true and to send information which he believes to be true. In other words, there is an implied adoption by the beneficiary of the statements which he secures and sends in for the purpose of reflecting the facts in connection with the death of the insured.

Of course, the beneficiary may not have personal knowledge of all the facts stated in the proofs of death she prepares or has others to prepare, and, if she does not have full information upon any point, she can explain away the natural presumption that she does know what she is doing in forwarding statements sworn by others to be true. Not only can the beneficiary explain her action on the stand, but he or she can, in sending in the proofs of death, disclaim any responsibility therefor or express her doubt as to the correctness of the affidavits being forwarded. In the face of such a stipulation or reservation there could be no implied adoption of the proof affidavits of others which she forwards. In the instant case there was no such reservation or disclaimer by either the beneficiary or her agents.

When Mrs. Thornell and her agents furnished these affidavits, the company had the right to assume that they were furnishing what they thought were true facts, and that

they would not furnish facts which seemed to them to be untrue and remain silent in that connection. Consequently the company denied liability. It could not have done otherwise upon the face of the proofs of death which were furnished. When sued, it pleaded suicide. Later, when the plaintiff denied said defense and pleaded death from other causes, certainly the company had the right to show the inconsistency of such a pleading in court with the proofs of death she had in the beginning sent in without any protest whatever.

It has always been the policy of the law in Texas to admit in evidence against a party any act or declaration of his against his interest, whenever or however performed or made. See Wells v. Fairbank, 5 Tex. 582; Hardy v. DeLeon, 5 Tex. 211; Lacoste v. Bexar County, 28 Tex. 420; Keesey & Murphy v. Old, 82 Tex. 22, 17 S. W. 928; Warren v. Frederichs, 83 Tex. 380, 18 S. W. 750; Hoefling v. Hambleton, 84 Tex. 517, 19 S. W. 689; Simpson v. Edens, 14 Tex. Civ. App. 235, 38 S. W. 474, writ of error denied; Contreras v. San Antonio Traction Co. (Tex. Civ. App.) 83 S. W. 870; Western Union Tel. Co. v. Stubbs, 43 Tex. Civ. App. 132, 94 S. W. 1083; Home Circle Social No. 1 v. Shelton (Tex. Civ. App.) 81 S. W. 84; Wigmore on Evidence, § 1048; 2 Jones on Evidence, § 236.

As a general rule, what one can do himself he can do through an authorized agent. Of course, in explaining an apparent admission against interest, a party could much more easily convince a jury of the good faith of his present contention by testifying that his inconsistent former act was that of an agent and about which he was uninformed. He could much more easily absolve himself in a matter of this kind, if he acted through an agent, rather than through himself. But the jury is entitled to say whether or not said explanation is true. These admissions, and their attempted explanation, are an aid to the jury in helping them determine what weight they should give to the contrary evidence later being offered by the beneficiary upon the trial of her suit to recover on the policies.

In the instant case the trial court permitted the widest possible latitude in the introduction of testimony. Every possible explanation of these various proofs of death were given by the beneficiary, attending physician and coroner. The only one who made up a part of the proofs of death who did not testify, by deposition or otherwise, was the undertaker, who had merely sworn to the burial of the body, etc. Although there was but one contested issue of fact, that of suicide of the insured, we have here a statement of facts comprising about 80 pages. The question was fully developed, and it seems that every one was permitted to testify as strongly as he desired to do. The record reflects no bill of exception to the introduction of any testimony except the instruments forming parts of the formal proofs of death. Mrs. Thornell was given every opportunity to disclaim responsibility for sending out these proofs of death. But it was for the jury to say whether or not her acts, early after the death of her husband, were inconsistent with her testimony at the trial. We think the company was clearly entitled, in any event, to have this evidence go to the jury to affect the weight they were willing to give to her testimony at the trial.

The insurance company realized that the burden of proof was upon it to establish its defense of suicide on the part of insured. It assumed that burden and introduced direct evidence tending to establish its defense. The evidence in this record, independently of and aside from the proofs of death, led with great force to the conclusion reached by the jury. We are certain that no appellate court would hesitate to hold that the verdict of this jury finds ample support in the record. The Court of Civil Appeals does find as a fact that this was a case of suicide.

We shall not discuss the questions presented any further than to say that the Court of Civil Appeals, in a very able opinion by Justice Levy, has, as we view it, correctly decided the issues before the court and entered the proper judgment.

Therefore we recommend that the judgments of the district court and Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.