## GREEN v. MISSOURI STATE LIFE INS. CO. (No. 1064.)

(Court of Civil Appeals of Texas. El Paso. Feb. 19, 1920. Rehearing Denied March 18, 1920.)

1. INSURANCE. ⟊646(7) — BURDEN OF PROOF AS TO DEFENSE OF SUICIDE ON INSURER.

In an action on a life policy, the burden of proof as to the defense of suicide was on the insurer.

2. EVIDENCE ⟊318(1)—CERTIFICATE OF PHYSICIAN AND FINDINGS OF CORONER NOT ADMISSIBLE WHERE NOT MADE SO BY POLICY.

In an action on a life policy, defended on the ground of suicide, which did not provide that the certificate of the attending physician and the findings of the coroner should be admitted in evidence to establish the cause of death, such certificates and findings were not admissible over objection if offered in evidence.

3. PLEADING ⟊228 — COURT SHOULD HAVE SUSTAINED EXCEPTIONS TO ANSWER CONTAINING INADMISSIBLE MATTERS OF EVIDENCE.

In action on a life policy, defended on the ground of suicide, which did not provide that the certificate of the attending physician and the findings of the coroner should be admitted in evidence to establish the cause of death, so that they were not admissible over objection, the trial court should have sustained plaintiff's exceptions to the answer, which contained matters of evidence which otherwise improperly went before the jury for their consideration.

4. APPEAL AND ERROR ⟊1040(13)—OVERRULING EXCEPTION TO DEFENSES PLEADED, BUT NOT SUBMITTED, HARMLESS.

It was harmless error to overrule plaintiff's exception to certain defenses pleaded, but not submitted, to the jury in the court's charge.

Appeal from District Court, Taylor County; Joe Burkett, Judge.

Action by Mrs. Lorena B. Green against the Missouri State Life Insurance Company. From judgment for defendant, plaintiff appeals. Reversed and remanded.

Kirby, King & Keeble and Jno. W. Wood, all of Abilene, for appellant.

Cunningham & Oliver and J. M. Wagstaff, all of Abilene, and Jourdan, Rassieur & Pierce, of St. Louis, Mo., for appellee.

HARPER, C. J. This action was brought by appellant against appellee for $2,000, in-

---

terest thereon, 12 per cent. penalty, and attorney's fees upon life insurance policy issued to Thomas M. Green. From a judgment in favor of defendant company plaintiff appeals.

The defendant answered by general demurrer, general denial, and specially pleaded:

That the policy contained the clause "That if within one year from the date of this policy the insured shall die by self-destruction, sane or insane, the liability of the company shall be limited to an amount equal to premiums paid under said policy. That the policy sued upon provided for payment by defendant to plaintiff, who was named as the beneficiary of the sum of $2,000, upon receipt of proofs of death subject to the happening of the contingencies mentioned in the policy. That said Thomas M. Green died by self-destruction by administering to himself carbolic acid, a deadly poison * * * whereby said Thomas M. Green died.

"That the only premium which had been paid was $71.20, and that under the stipulation this was all that was due upon the policy. That said sum has been paid and been accepted in full satisfaction of all claims and demands under the policy.

"That in due time plaintiff furnished proofs of death, in which plaintiff, in answer to a question as to what was the immediate cause of death, stated, 'Apparent carbolic acid poisoning,' meaning that his death was apparently due to carbolic acid poisoning.

"That as a part of said proof of death plaintiff furnished a statement by the attending physician, to wit, Dr. Wade H. Walker, being in writing, subscribed and sworn to, in which said Dr. Walker stated the remote cause of death to be 'carbolic acid poison,' and the immediate cause 'carbolic acid poison.'"

The plaintiff specially excepted to the allegations:

First. That plaintiff stated in proof of death that death was apparently due to "carbolic acid poisoning," because it was not binding upon the beneficiary, and constitutes no defense to an action upon the policy.

Second. To the pleading that Dr. Walker's affidavit to the same effect, upon the ground that it was immaterial and improper for the reason that the certificate of the doctor as alleged is not binding upon the plaintiff, and constitutes no bar to her right to recover on the policy; (b) because it was purely ex parte and hearsay; (c) does not, and could not, establish the defense as alleged in this case.

By several assignments and propositions appellant urges error in overruling these exceptions and permitting defendant to read the answer to the jury.

[1, 2] In the case of McCauley v. Long, 61 Tex. 79, the Supreme Court said:

"All that is necessary, as has been frequently decided, is for the pleader to aver the grounds or facts on which he bases his cause of action or his defense. The evidence on which he relies to prove these facts should not be set out."

The only defense submitted by the court to plaintiff's cause of action was, Did the deceased come to his death by self-destruction within one year from the date of the policy? The burden of proof as to this defense was upon defendant, and the means of self-destruction relied upon was taking carbolic acid. The policy did not provide that the certificate of the attending physician and the findings of the coroner should be admitted in evidence to establish the cause of death, so they were not admissible over objections if offered in evidence upon the trial. Brotherhood of Ry. v. Hickey, 191 S. W. 162.

[3] By the refusal of the court to sustain the exceptions and strike from defendant's answer these matters of evidence were before the jury for their consideration, and they doubtless were considered. It was, therefore, error to overrule these exceptions.

[4] Defendant also pleaded payment and release exempted by plaintiff, and accord and satisfaction, and plaintiff directed a special exception to this, which was overruled, and appellant has assigned this as error. This defense was not submitted to the jury in the court's charge; for that reason the appellate courts hold it harmless error to overrule the exception. Halff Co. v. Waugh, 183 S. W. 839; Littlefield v. Clayton Bros., 194 S. W. 199.

The appellate courts have often disapproved of the failure of the trial court to sustain exceptions to matters improperly pleaded, though they do not reverse. The statute requires the court to take up and dispose of these preliminary matters of pleading, etc., before the parties announce ready upon the merits, and it should be done, to the end that objectionable matters contained in the pleading be eliminated, but the cause is only reversed for a failure to do so when it appears that injury may have resulted to the complaining party, as we conclude appears in this case.

It is also error to admit in evidence the formal proofs of death. They are not admissible unless specially provided for in the policy, and there is no such provision in this policy. Yeomen v. Hickey, 191 S. W. 162.

Reversed and remanded.