**AMERICAN NAT. INS. CO. v. FRESS.**

No. 11001.

Court of Civil Appeals of Texas. Galveston.

July 3, 1940.

Rehearing Denied July 25, 1940.

Frank S. Anderson, of Galveston, and Williams, Lee, Sears & Kennerly, of Houston, for appellant.

A. B. Wilson and Allan H. Kottwitz, both of Houston, for appellee.

MONTEITH, Chief Justice.

Appellant, American National Insurance Company, issued an insurance policy dated March 23, 1936, for the face amount of $414 on the life of George P. Fress. His wife, Mary P. Fress, appellee herein, was named as beneficiary in said policy. The policy provided for the payment of double the face of the policy in the event the death of insured resulted solely through accidental means, and provided further that in the event of the death of the insured from suicide within two years from the date of the policy, the liability of the Company should be limited to the return of the premiums paid on the policy.

After the death of the insured from gunshot wounds on August 31, 1937, appellee brought this action for double the face of the policy, claiming that insured met his death through accidental means.

Appellant answered by general demurrer and general denial. It alleged that it was not liable under the terms of said policy for the reason that the insured had committed suicide. It tendered beneficiary the amount of the premiums paid in full settlement and satisfaction of the policy.

In answer to special issues submitted, the jury found that the death of insured was due to accidental means and not to suicide. Based upon the answers to said special issues judgment was rendered in favor of appellee and against appellant in the aggregate of $1,258.09.

It was stipulated by the parties that said policy had been issued and delivered to insured; that all premiums had been paid; that the insured had died on August 31, 1937, while the policy was in force; and that proofs of death of the insured under the policy had been made out and delivered in the manner and form as required by the policy.

The record shows that the insured was alone in a rear room of his home on the morning of August 26, 1937, when a shot was heard by members of the family; that on going to his room he was found lying on the floor bleeding from a bullet wound which had gone from beneath his chin through the top of his head. A pistol was found on a near-by bed. He died in a hospital on August 31, 1937.

While other assignments are presented, as we view the record, appellant's assignment of error in the action of the court in permitting the introduction, over proper objections, of a verified ex parte certificate as to the death of the insured made out by Dr. J. Wade Harris, the attending physician, to the effect that the physician did not know the cause of insured's death, is determinative of this appeal and renders the remaining assignments immaterial.

A statutory death certificate required under Article 4477, Vernon's Ann.Civ.St., Rules 40a and 54a, had been made out by the same physician and filed with the State Department of Health on September 11, 1937. It stated that the death of insured was the result of suicide. This certificate was introduced in evidence by appellant without objection.

The certificate on which this assignment is based was dated September 23, 1937. It was sent to appellant Insurance Company under the terms of said policy of insurance. In this certificate Dr. Harris stated that he did not know whether the death of insured was due to accidental means or whether it was suicide.

While said statement was provided for in said insurance policy and was sent to appellant under the terms thereof, we know of no exception to the hearsay rule that would make the contents of the statement admissible in view of the fact that the proof of the death of insured had been admitted by appellant and it had been stipulated that due proof of death had been furnished.

No rule is better settled than that statements offered as evidence of the truth of a fact asserted must be subjected to two tests: (1) The person making the assertion must be subjected to cross-examination, i. e., must make it under such circumstances that the opponent has an adequate opportunity, if desired, to test the truth of the assertion by questions which the person is compelled to answer; and (2) the person making the assertion must be confronted with the opponent and with the tribunal when making the assertion and giving his answers. Wigmore's Code of Evidence, Rule 157, pp. 259 and 260.

In the instant case the statement · complained of was inadmissible in that it was an ex parte statement not made in the presence of a representative of appellant. Appellant was given no opportunity to cross-examine Dr. Harris and no excuse was given why he was not produced on the trial of the case. Phœnix Refining Co. v. Walker, Tex.Civ.App., 108 S.W.2d 323; Duree v. Ætna Ins. Co. et al., Tex.Civ. App. 66 S.W.2d 764; Hobart Mfg. Co. v. Joyce, Tex.Civ.App., 22 S.W.2d 955.

The error above pointed out requires, in our opinion, a reversal of the judgment of the trial court. The judgment is reversed and the cause remanded.

Reversed and remanded.