**FOLSE et al. v. MONROE et al.**

**No. 4297.**

Court of Civil Appeals of Texas.

Oct. 25, 1945.

Rehearing Denied Nov. 21, 1945.

Lipscomb & Lipscomb, of Beaumont, for appellants.

Barnes & Barnes, of Beaumont, for appellees.

COE, Chief Justice.

The appellants, Leonard Folse and wife, Clara, Hattie Folse Dunkins, Lucie Folse Stafford, joined by her husband, George Stafford, as plaintiffs, brought this suit against the appellees, Lessie Folse, Goldstein Monroe and Albert Hayes, as defendants, to recover the north one-third of Lot 1, Block 27, Jirou Addition to the City of Beaumont, Texas, and certain personal property in the building thereon and damages for withholding said property; and also to establish in plaintiffs a beneficiary interest in Lot 14, Block 17 of West Oakland Addition, alleged to have been purchased by Abe Folse and improved by him at a total cost of $1,400 in purchase money and improvements, the deed thereto being taken in the name of Lessie Folse as grantee of the legal title.

The plaintiffs, Leonard Folse, Hattie Dunkins and Lucie Stafford are the only children of Abraham Lincoln Folse who died June 10, 1944, and they assert claim also as the exclusive beneficiaries of his estate under his will, and the said Hattie Dunkins also sues in her capacity as independent executrix of the will of said Abraham Folse. The other plaintiffs asserted claims in subordination to them.

The defendants, beside their plea of not guilty and general denial, asserted justification of their retention of the property on the theory that Lessie Folse was the common-law wife of Abraham Lincoln Folse and as such was entitled to all of the north one-third of Lot 1 as a homestead, and that the other defendants were occupying same by her permission; they deny the allegations relating to said Lot 14, Block 17 of West Oakland Addition and assert that same was acquired as and is her separate property as the wife of Abraham Lincoln Folse.

By cross-action, Lessie Folse asserts that if not entitled to the north one-third of Lot 1, Block 27, as her homestead she is entitled to an allowance of not more than $5,000 in lieu of homestead, that in any event she is entitled to an allowance of $3,000 for a year's support, and to a reasonable allowance in lieu of exempt personal property, and she prays judgment for $10,000 in all, to be charged against the estate of Abraham Lincoln Folse in the hands of the defendants. Defendants asserted in their pleadings that no provision was made for Lessie Folse under the will and that she disclaims any and all rights under the will.

Trial was had before a jury. On the conclusion of the evidence, plaintiffs moved for an instructed verdict. That motion was denied. The court submitted the case to the jury on special issues. On the verdict of the jury being returned, the plaintiffs moved for judgment non obstante veredicto. That motion was denied. The court rendered judgment for defendants, that plaintiffs take nothing; that Lessie Folse is entitled to have the north one-third of Lot 1 in Block 27 set apart to her as a homestead so long as she lives and so long as she uses or benefits from same; that she recover $300 for a year's support, and $1 in lieu of exempt personal property, against all the plaintiffs, and further as to said north one-third of Lot 1 in Block 27 that she recover a $250 undivided interest in and to said premises. All costs were assessed against the plaintiffs. Motion for a new trial was filed and overruled and appeal was perfected to this court.

Appellants bring forward 14 points upon which they seek to have this cause reversed and rendered in their favor, or in the alternative reversed and remanded.

By their first point, appellants complain that the evidence introduced on the trial of the cause was insufficient to establish a common-law marriage between Lessie Folse and Abraham Lincoln Folse, and devote 42 pages of their brief in the discussion of this point. Abraham Lincoln Folse will hereinafter be referred to as "Abe," that being the name he was commonly known by. The evidence developed that Lessie met Abe sometime in 1929 and from then on lived together without contracting a legal marriage until January 11, 1938, when they secured a marriage license and were married by the county judge of Hardin County, Texas. Sometime prior to October 1, 1941, Lessie and Abe were separated and Lessie went to Port Arthur, Texas, where she worked and lived. While living there, and on October 2, 1941, she filed in the district court of Jefferson County a petition for divorce, alleging that because of cruel treatment she was compelled to separate from Abe. On November 15, 1941, she was granted a divorce on her petition, which judgment divorcing her from Abe was never set aside or vacated. There is evidence in the record that thereafter they held themselves out to the public as divorced people.

In support of appellees' contention that she was the wife of Abe on the date of his death, she called one Mary Doyle, her sister who resided in Port Arthur, Texas, who testified in substance that on November 19, 1941, four days after the divorce was granted to Lessie, that Abe called her by telephone and asked her to have Lessie at her place on that evening as he wanted to see her; that she made such arrangements and Abe came to her house that evening and stated that he wanted them (him and Lessie) to go back together right now and live as man and wife. That they spent the night in her home and occupied the same room and bed; that next morning Lessie carried Abe to the bus to return to Beaumont and she went to her work, and from that day on until about the 15th of January, 1942, while Lessie was working in Port Arthur she came to Beaumont each night, returning to Port Arthur the next day to resume her duties; that on or about the 15th of January Lessie gave up her job in Port Arthur and came back to Beaumont where she lived in the house with Abe until his death; that Lessie introduced Abe as her husband and that they thereafter referred to each other as husband and wife. Mrs. Tom Johnson, a white woman who lives in Beaumont, testified that she had known Lessie and Abe for some ten or twelve years; that Abe and Lessie had worked for her at different times, that she had personal contact with them on different occasions since November 15, 1941; that she gave them some household articles with which to furnish their home; that she took quite an interest in their welfare and that all the time from November 15, 1941, up until Abe died that they lived together as husband and wife; that on different occasions when Lessie would be sick that Abe would wait on her and when Abe was sick Lessie would wait on him; that they claimed to be man and wife and that Abe often referred to Lessie as his wife and that Lessie would speak of Abe as her husband, and that their general reputation was that of man and wife. Appellees also offered in evidence a policy of insurance written on Lessie Folse's life on January 26, 1944, in which Lincoln Folse, husband, was named beneficiary, the application for said policy dated January 26, 1944, designated Lincoln Folse as beneficiary, relationship, husband. The evidence further shows Lessie paid the doctor's bill incurred in Abe's last illness. It was also shown that she had paid some $200 on the funeral expenses. Mr. J. M. Canter, a rice farmer near Beaumont, testified in substance that

he had employed Abe as cook during the planting season of 1944, that he would pick Abe up on Monday mornings and brought him back home on Saturday night and that when he would bring Abe home he would see Lessie there and that Abe always referred to her as his wife. Mr. J. S. Cole, another rice farmer, testified that he had employed Abe on different occasions to cook for him during the harvest season and for barbacues, and that Lessie did some washing for them; that in the fall of 1943 Abe and Lessie cooked for him some four months and occupied the same room and bed and were generally known as husband and wife, and that Abe spoke of Lessie as his wife and introduced her to several different people, especially hunters, as his wife, that he never referred to her in any other manner and that on the many occasions he was around their home they conducted themselves as husband and wife; that their reputation was that they were husband and wife. Without setting out in detail additional testimony, the record shows that several other witnesses gave testimony in substance the same as that set out above.

■ We have not undertaken to set out the testimony relied on by appellants, which they contend shows as a matter of law that there could be no common-law marriage existing between Lessie and Abe after the date of their divorce for the reason that we do not feel it necessary to so extend this opinion, and have pointed out only portions of the evidence introduced by appellees which we believe was sufficient to raise the issue of a common-law marriage, and therefore proper for the court to overrule appellants' motion for an instructed verdict and submit the issues of fact to the jury. Appellants' first point is overruled.

■ Appellants' second point complains of the action of the trial court in overruling their objections to the court's charge without instructions defining what in law constitutes marriage. This point is overruled. The court nowhere in its charge uses the term marriage or common-law marriage and, therefore, no necessity exists for defining same.

■ By their third point, appellants complain of the action of the court in refusing the following requested issue: "Do you find from the preponderance of the evidence that Abe Folse and Lessie Folse thereafter pursuant to such agreement (if any) lived and cohabited together as husband and wife and held each other out to the public generally as husband and wife." The court in its charge submitted special issues Nos. 2 and 3, as follows:

"Special Issue No. 2

"Do you find from a preponderance of the evidence that said agreement, if any such agreement you have found, was made with the intention at that time of living and cohabiting with each other as husband and wife?

"Answer: 'Yes.'

"Special Issue No. 3.

"Do you find from a preponderance of the evidence that said Lessie Folse and Abe Folse, in pursuance of that intention, if any such intention you have found, did professedly live and cohabite together as husband and wife?"

The word "professedly" used by the court in special issue No. 3 is defined by Webster as follows: "To make open declaration of, as of one's knowledge, belief, action, etc.; to avow or acknowledge; to confess publicly."

The case of Wristen v. Wristen, Tex. Civ.App., 119 S.W.2d 1104, holds that the word "professedly" as used by the Supreme Court means "avowedly." Therefore the same matters contained in appellants' requested issue were fully covered by special issues 2 and 3 as submitted by the court and there was no error in the action of the court in refusing to again submit such issue. This point is overruled.

■■ By their fourth point, appellants complain of the action of the trial court in overruling their exceptions to appellees' allegations of marriage, such allegations being: "That for many years prior to the death of Abraham Lincoln Folse, the husband of the defendant Lessie Folse, the said Abraham Lincoln Folse and Lessie Folse were husband and wife, lawfully wedded, having duly and legally married ceremonially many years ago and having lived together until divorced on or about 11–15–41, and having remarried in her sister's home by agreement and consumation on or about 11-19-41 and continuously lived together since as husband and wife and holding each other out as such to the world until the husband's death on or about June 10, 1944, * * *".

The exception being that such allegation was too vague and uncertain in that it does not show whether ceremonial or common-law marriage and not showing when the alleged marriage was effectuated. We are of the opinion that the allegations complained of were sufficiently definite and certain and that the action of the trial court in overruling the exceptions presents no error. Therefore this point is overruled.

Appellants' fifth point is as follows: "(5) Error in admitting in evidence over the objection of plaintiffs incompetent documents and testimony tendered by defendants to prove a common law marriage."

By their assignments above referred to, they complain of the action of the trial court in admitting in evidence over their objection: (1) a receipt showing that Lessie had paid $200 to the funeral home on funeral expenses for Abe as being hearsay, immaterial, irrelevant and incompetent; (2) in admitting the evidence of Lessie and others and document conforming thereto that after the burial of Abe that she had bought a lot for her burial beside him, that being a self-serving declaration, not competent nor relevant nor material; (3) the admitting in evidence the policy of insurance herein above referred to wherein Abe Folse was designated as husband because it was insufficient, irrelevant, immaterial and prejudicial; (4) that the court erred in permitting the defendant, Lessie Folse, to testify for defendants over objections of plaintiffs based on Article 3716 of the Revised Statutes to certain relations with and conversations and transactions with decedent Abe Folse as set forth in the record of evidence; (5) the testimony of Lessie Folse to the effect that she met Abe in 1929, took up with him in cohabitation in 1930, married him in 1938, carried an insurance policy on herself dated January, 1944, in which Abe was named as beneficiary, the objection being that the witness was rendered incompetent by Article 3716, she having been called by defendant to testify and there being no call by cross-examination or other method from such testimony and no waiver of the incompetency; (6) that the insurance policy constituted a self-serving declaration or conduct in the nature of a self-serving declaration; (7) in admitting over objection a certificate of payment to Dr. Davis as of date June 10, 1944, by Lessie for services to Abe, the objection being that such certificate and testimony was in violation of Article 3716; (8) in admitting in evidence recitals of evidence and documents from Dr. Davis and others purporting to recite relationship of Lessie and Abe, the objection being they were ex parte statements on which plaintiff had no opportunity to cross-examine the parties; (9) in admitting in evidence over objection of plaintiffs the funeral book entitled "Memories" containing a recital that Abe Folse was survived by a wife, Lessie Folse, identified as being in the handwriting of his daughter, Hattie Dunkins, the objection being that it was unpleaded, immaterial, irrelevant and of no evidential value though likely to invite biased action of the jury in making its findings. The various letters and documents against which these objections were lodged were admissible as circumstances showing a holding out to the public by Abe and Lessie as being husband and wife, these letters being from certain members of Abe's family and from friends in which the marital status of Abe and Lessie were recognized, one of said letters being from Abe's brother's wife, calling Lessie her sister. In the statement of facts we find where appellants objected to the testimony of Lessie Folse as being transactions with the deceased and on each occasion where the testimony referred, in any material way, to a transaction with deceased the court sustained the objection and instructed the jury to disregard such testimony, the last of such instructions being, "You will be instructed, gentlemen, to disregard any statements she may have made with reference to transactions between her and the deceased person, or any statements that he might have made to her," whereupon Mr. Barnes, attorney for appellees, said: "Your Honor, you have instructed them that way from time to time," when the court further stated: "Yes, but I want to impress it on them. Any further questions?" We will not undertake to set out each letter or document which was objected to as we feel that each and all of them were admissible as a circumstance tending to show the relationship existing between Lessie and Abe at the time of his death. The court by sustaining objections of appellants and instructing the jury as requested rendered harmless such errors as were committed in the examination of Lessie as a witness.

Under Point 6, appellants complain of the action of the court in excluding from the evidence certified copy of the

death certificate of Abe. This certificate was made out by the keeper of vital statistics at the city hall of the City of Beaumont, which showed that Abe's marital status was "divorced." Upon objection by defendants, the court excluded the certificate. Appellants contend that the information from which this certificate was made was furnished by Lessie, as shown by the testimony of Leonard Folse. We are unable to find any testimony of Leonard Folse to establish this fact. The death certificate referred to in the testimony of Leonard Folse was made out by one Flemming, the undertaker, while the certificate offered in evidence seemed to have been prepared by the keeper of the vital statistics of the City of Beaumont. Leonard Folse testified fully as to Lessie furnishing the information to the undertaker to the effect that she was divorced. The trial court was correct in excluding certified copy of death certificate certified to by the custodian of the record of vital statistics of the City of Beaumont. Universal Life & Accident Ins. Co. v. Ledezma, Tex.Civ.App., 61 S.W.2d 165; Langlitz v. American National Ins. Co., Tex. Civ.App., 146 S.W.2d 484; Service Mutual Ins. Co. v. Banke, Tex.Civ.App., 155 S.W. 2d 668. This point presents no error and is overruled.

By their seventh point, appellants complain of the action of the court in permitting over their objection, based on Article 3716, certain testimony of defendant Lessie Folse, and certain documents tendered by appellees in connection with testimony of Lessie to prove the relationship of Lessie to Abe Folse. What we have said under appellants' fifth point covers fully the matters here complained of and without discussion, this point is overruled.

Point No. 8 is as follows: "Error in denying trial by jury on issues of fact determining the question of marriage vel non." In addition to issues 2 and 3, hereinabove set out, Issue No. 1 as submitted by the court was as follows:

"Special Issue No. 1.

"Do you find from a preponderance of the evidence that on or about November 19, 1941, Lessie Folse and Abe L. Folse mutually agreed together with each other then and there to become husband and wife?

"Answer: 'Yes.'"

While Issue No. 4 inquired of the jury what would be a fair and reasonable allowance, if any, for one year's support for Lessie Folse from and after June 10, 1944, to which they answered $300, while by special issue No. 5 the jury was asked what sum of money paid now would be a fair and reasonable allowance in lieu of exempt property not among the effects of the deceased, Abe L. Folse at the time of his death, to which the jury answered $1. The jury answered each of the first three questions in the affirmative. As stated above, we are of the opinion that the court's charge fairly and correctly submitted to the jury the issues of fact pertaining to the asserted common-law marriage between Lessie and Abe, and that the same is not subject to the criticism lodged against it by appellants. Therefore, appellants' eighth point is overruled.

By their ninth point, appellants challenge the action of the court in overruling their exceptions and objections to the cross-action of appellee Lessie Folse, based on the ground that the allowance in lieu of the exempt property and for the year's support therein sought, were within the exclusive original jurisdiction of the county court, and appellants sought to have such matters stricken from appellees' cross-action. Under the will of Abe Folse, appellant Hattie Folse Dunkins was appointed independent executrix, independent and without interference of the county court. Appellants having filed this suit in the district court to recover title and possession of the property involved, it was proper for the appellee Lessie Folse by her cross-action not only to assert her homestead rights in the homestead but any and all rights she may have against the estate of Abe Folse. 13 Tex.Jur., pp. 800, 814; Cox v. Oliver, 43 Tex.Civ.App. 110, 95 S.W. 596; O'Neil v. Norton, Tex.Com.App., 29 S.W.2d 1060. Appellants' Point No. 9 is overruled.

By point No. 10, appellants asserted that the court committed error in rendering judgment for Lessie Folse for a life estate in Lot 1, Block 27, Jirou Addition. It is true that, in that part of the judgment wherein the court undertakes to set out his findings of fact, the court found that Lessie Folse was entitled to a life estate in said property so long as she lived and so long as she uses or benefits from same. However the decreeing part of the judgment decrees to Lessie Folse an estate in said property to the extent that said premises, im-

provements and properties therein located and situated be and they are hereby designated, named and set apart as the homestead of the widow, Lessie Folse—so long as the said widow chooses to use or occupy the same. We think this judgment has the effect only of decreeing to Lessie Folse a widow's homestead rights in said property so long as she uses or enjoys the same and does not have the effect of decreeing to her a life estate in the property. Therefore this point is overruled.

By appellants' eleventh point, they complain of the judgment of the trial court in decreeing to Lessie Folse a $250 undivided interest in the north one-third of Lot 1, Block 27 of Jirou Addition. The appellees concede in their brief that the paragraph in the judgment awarding such relief to appellee Lessie Folse is without meaning and significance and cannot be enforced as it is written. With this construction of that part of the judgment we agree and the judgment will be reformed so as to eliminate that feature.

■ By their twelfth point, appellants complain of the judgment of the court in decreeing all of the north one-third of said Lot 1, Block 27 to the homestead of Lessie in the face of uncontradicted evidence that a substantial part is rental property and was not exempt property of the estate of Abe Folse, deceased. The improvements on the property in question was a house of wooden construction, under one roof, consisting of two bedrooms, kitchen used for family purposes as the home of Abe and Lessie, a kitchen for the cooking of barbacue, with a white dining room and a colored dining room, where barbacue was sold, with a three room apartment on one side. The kitchen and dining rooms have for two years been rented to third persons who operated same as a barbacue stand, while the three room apartment has been occupied for sometime by another family. There seems to be no question but what Abe and Lessie made this building their home at the time of Abe's death, occupying two rooms and the kitchen.

■ The evidence is conclusive that, if Abe and Lessie were husband and wife at the time of Abe's death, this building constituted their home. The fact that the entire building was not used and occupied as living quarters does not deprive the premises of its homestead characteristics. 22 Tex.Jur., pp. 250–256; 128 A.L.R. 1432, and cases there cited.

■ Appellants' thirteenth point is as follows: "Fundamental error in failing to render judgment in favor of plaintiffs and against defendants on the evidence showing that all rights held by Abe Folse at his death had devolved on the plaintiffs by the unchallenged probate of the will."

Under this point, appellants contend that inasmuch as they showed title in themselves to the property in question that at least the judgment should have awarded such property to appellants subject to the homestead rights of appellee Lessie Folse. This point is overruled. The appellee by her special plea limited her interest in the property to the homestead rights of a surviving widow and under the findings of the jury was entitled to the possession of said property. Therefore it was proper for the court to deny to appellants the relief sought against appellee.

By appellants' fourteenth point, they contend that the verdict of the jury was insufficient to authorize a judgment for appellees on the issue of common-law marriage. What we have said under the other assignments heretofore discussed is sufficient to give our reasons for holding that the evidence was sufficient to raise the issues of a common-law marriage and that the findings of the jury in answer to the special issues submitted to them were sufficient findings to establish a common-law marriage between Abe and Lessie and no good purpose could be served by extending this opinion into further discussion of these matters.

Finding no errors in the record requiring a reversal of this cause, the judgment of the trial court is reformed as above indicated and affirmed.