**Roxie Mae ARMSTRONG, Appellant,**

v.

**EMPLOYERS CASUALTY COMPANY, Appellee.**

**No. 4010.**

Court of Civil Appeals of Texas.

Waco.

April 19, 1962.

Carter, Gallagher, Jones & Magee, Morton Rudberg, Dallas, for appellant.

Leachman, Gardere, Akin & Porter, Gordon H. Rowe, Jr., Dallas, for appellee.

WILSON, Justice.

Defendant's motion for instructed verdict was sustained in an action for recovery of accidental death benefits under defendant's policy naming plaintiff beneficiary. The policy covered "loss resulting directly and independently of all other causes, from bodily injury effected solely through external, violent and accidental means", excluding loss resulting "from self-destruction" whether sane or insane, and that "caused by intentionally self-inflicted injury." Insured died as a result of a self-inflicted gun shot wound which plaintiff alleged resulted accidentally, and which defendant asserted was caused intentionally.

Plaintiff says the evidence raised a jury issue that death resulted from accidental means, and did not show conclusively insured died as a result of intentional self-destruction.

The only living witness to the shooting is described by plaintiff as the paramour of deceased. Her testimony was that after an argument with her alone in her apartment following drinking of intoxicants, assured held a loaded revolver to his body and asked "Are you tired of me? Why don't you just go ahead and pull the trigger!"; that she turned and "he had the gun half-cocked, and when I said 'I am not pulling', he said he would, and all at once a 'boom'". Deceased had pressed the pistol to "his side, stomach or lower part of his body." She testified deceased was not drunk. He died later in a hospital.

Appellant relies on evidence showing deceased had never before threatened to kill himself, was in good health, had a steady job and no known enemies; and testimony of a police officer that the revolver was a single-action type which must be manually cocked; that it was usually necessary that

this type of weapon be fully cocked to fire, but the revolver used by insured could be fired when the hammer was in the half-cocked position. Insured had the pistol in his possession for several days before the occurrence.

■ The burden of proving that insured's death was by accidental means rested on plaintiff. Plaintiff's own evidence negatived any presumption against suicide. "The negative of suicide was an element of Plaintiff's case." Combined American Insurance Co. v. Blanton, Tex.Sup., 353 S. W.2d 847, 849.

■ We have carefully examined all the favorable circumstances which may be said to support plaintiff's claim and in our opinion the court correctly instructed a verdict.

■ Appellant complains of exclusion of a copy of a certificate of death signed by a Justice of the Peace, certifying he held an inquest on the day of death, and that death was caused by gunshot wounds. The certificate contained blanks after the words, "Accident", "Suicide" and "Homicide." An "X" mark was inserted in the "Accident" blank. The acting City Registrar of Vital Statistics certified that the document was a true copy of the death certificate. The Justice of the Peace did not testify; he was not present at the shooting, and there is nothing to show the sources or nature of information on which he based the conclusion, or from which he filled the blank.

We are not concerned with the problems of whether death certificates are generally admissible, or whether they are admissible as evidence of cause of death. The question is whether it was reversible error to exclude this certificate under the facts in the present case. More accurately, perhaps, the problem is whether the statement in the certificate would constitute evidence of probative force to raise an issue or support a finding authorizing recovery. Gulf C. & S. F. Ry. Co. v. Deen, 158 Tex. 466, 312 S.W.2d 933, 937. The problem has caused

concern, but in our opinion it was not reversible error to exclude the certificate.

■ Appellant urges it should have been admitted under provisions of Art. 4477, Rules 40a, 41a, 51a and 52a, Vernon's Ann. Tex.Stat. We do not consider reversal may be predicated on Art. 4477 in any event, since the only provision that a copy of a death certificate shall be prima facie evidence of "the facts therein stated" is Rule 54a thereof, which only applies to copies certified by the State Registrar of Vital Statistics, and not to those certified, as is this, by local registrars.

Rule 41a of Art. 4477 authorizes a Justice of the Peace to state in the certificate only whether the death was "probably" accidental, suicidal or homicidal. Whether the conclusion of the officer as to such probability is a "fact" under Rule 54a is considered in Langlitz v. American Nat. Ins. Co., Tex. Civ.App., 146 S.W.2d 484, 487, writ dism. c. j., and other authorities listed below.

■ Appellant argues, however, that the certificate should have been admitted on the issue by virtue of Sec. 1, Art. 3731a,

which provides that any written instrument, certificate, record, return or report made by an officer of a governmental subdivision in the performance of the functions of his office shall be "so far as relevant, admitted in the courts of this State as evidence of the matter stated therein." The "certificate" is the only part of the proffered document "made" by the local registrar. The Justice of the Peace made the "record, return or report;" and we think Art. 3731a limits the "matter stated", in the performance of the functions of his office in making the certificate of death, to the statements prescribed by the only statute making this a function of his office. Art. 4477, Rule 41a.[1] Belford, Clarke & Co. v. Scribner, 144 U.S. 488, 12 S.Ct. 734, 36 L.Ed. 514.

■ We have found no case by a Texas court holding that a statement as to whether death was by accident or suicide in a death certificate by a Justice of the Peace after inquest, or otherwise, is admissible on these issues.[2]

Although all do not involve construction of statutes, the following decisions hold di-

---

1. Art. 3731a, Sec. 1, as it existed before the 1961 amendment (Acts 1931, 52nd Leg., ch. 471, p. 830) included any written "statement" in the list of subject matter dealt with. The 1961 amendment (Acts 1961, 57th Leg., Reg.Sess., ch. 321, p. 685) deleted or omitted the word "statement".

2. In Marker v. Prudential Ins. Co. of America, 5 Cir. 1960, 273 F.2d 258, one Judge disagreeing, the majority concluded the statements were admissible as prima facie evidence, subject to explanation and contradiction. A medical Examiner (Art. 989a, Vernon's Ann.C.C.P.) had made two certificates: the first stating death was due to suicide; and the other, that death was caused by accidental shooting. The trial court admitted the first, but excluded the other. The direct holding was that the court erred "in admitting the original death certificate, while refusing to admit the amended certificate." It may be noted that the Court cited the Federal Business Records Act, 28 U.S.C.A. § 1732 which provides "lack of personal knowledge" by the entrant does not affect

admissibility; whereas the Texas equivalent, Art. 3737e, requires personal knowledge; and under Federal decisions construing the former, the certificate is admissible. Rule 43, Federal Rules of Civil Procedure, 28 U.S.C.A. provides the statute or rule which favors reception of evidence shall govern. Cf. Franklin v. Skelly Oil Co., 10 Cir., 141 F.2d 568, 153 A.L.R. 156; Gilbert v. Gulf Oil Corp., 4 Cir., 175 F.2d 705; Gordon v. Robinson, 3 Cir., 210 F.2d 192.

In Universal Life & Acc. Ins. Co. v. Barron, Tex.Civ.App., 269 S.W.2d 467, 471, writ ref. n. r. e., cause of death was not in issue, and it was said there was no reversible error in admitting a certificate stating the cause as pulmonary hemorrhage, where appellant had pleaded this was the cause of death and introduced other evidence in support of the allegation.

In American Nat. Ins. Co. v. Valencia, Tex.Civ.App., 91 S.W.2d 832, 833, writ dism., the issue was whether insured was in good health when the policy was delivered. It was said not to be error to admit a death certificate where appel-

rectly that such statements are not admissible, or hold that other statements in death certificates or inquest findings are not admissible to show cause of death where that issue is controverted: Boehme v. Sovereign Camp, Woodmen of the World, 98 Tex. 376, 84 S.W. 422; Service Mut. Ins. Co. of Texas v. Banke, Tex.Civ.App., 155 S.W.2d 668, writ refused; Langlitz v. American Nat. Ins. Co., Tex.Civ.App., 146 S.W.2d 484, 487, writ dism. c. j.; American Nat. Ins. Co. v. Fress, Tex.Civ.App., 142 S.W.2d 531, 532, writ dism. c. j.; First States Life Co. v. Ransom, Tex.Civ.App., 110 S.W.2d 143, 145, no writ; Washington Nat. Ins. Co. v. Chavez, Tex.Civ.App., 106 S.W.2d 751, 752, writ dism.; Texas Employers' Ins. Ass'n v. Ritchie, Tex.Civ.App., 75 S.W.2d 942, 944, writ dism.; Dent v. Nat. Life & Acc. Ins. Co., Tex.Civ.App., 6 S.W.2d 195, 196, no writ. Contra: Mutual Life Ins. Co. v. Hayward, Tex.Civ.App., 27 S.W. 36, 38, no writ. See also Aetna Cas. & Surety Co. v. Love, 132 Tex. 280, 121 S.W. 2d 986; Pan American Life Ins. Co. v. Andrews, 161 Tex. 391, 340 S.W.2d 787, 793; Fite v. State, 158 Tex.Cr.R. 611, 259 S.W.2d 198, 200; Missouri Pacific R. R. Co. v. Harkins, Tex.Civ.App., 346 S.W.2d 910, 914, writ ref., n. r. e.; Tichenor v. Little, Tex.Civ.App., 279 S.W.2d 379, 381, writ ref., n. r. e.; Smith v. Riviere, Tex.Civ. App., 248 S.W.2d 526, 530, no writ; Folse v. Monroe, Tex.Civ.App., 190 S.W.2d 604, 609, writ ref. w. m.; Universal Life & Acc. Ins. Co. v. Ledezma, Tex.Civ.App., 61 S.W.2d 165, 166, writ dism.; Green v. Missouri State Life Ins. Co., Tex.Civ.App., 219 S.W.

552; 46 C.J.S. Insurance § 1337, p 484; McCormick, Handbook of Evidence (1954) p. 616; Norville, Selected Writings on Evidence (1957) p. 918; 16 Minn.L.Rev. 209; 59 Harv.L.Rev. 481, 561; 30 Tex.L.Rev. 112, 118; 96 A.L.R. 324; 20 Am.Jur., Sec. 1027, p. 866; Cum.Supp. 171; 69 A.L.R.2d 1158; cf. 5 Wigmore, Evidence, Secs. 1670 et seq.; 32 C.J.S. Evidence § 638, pp. 497, 498; 159 A.L.R. 181, 191; 24–B Tex.Jur. p. 879.

Although the rule in other jurisdictions is not uniform, the majority rule is summarized in 28 A.L.R.2d 362: "In many jurisdictions there are statutes providing for the admission in evidence under certain circumstances of either (1) reports or death certificates issued by the coroner, (2) records of births and deaths generally, or (3) records of public officers generally.

"With respect to the question of the admissibility of the reports of coroners, these statutes have been consistently construed as not allowing their admission for the purpose of proving suicide;" and id. 354: "As a general rule the coroner's finding or verdict is not admissible on the issue of suicide."

In stating that the "weight of authority refuses to admit these opinions" as to whether a death is accidental or suicidal under statutes making contents of death certificates admissible as prima facie evidence of matters stated therein, the reason is given in 27 N.Y.U.L.Rev. 158 (1952): "The rationale underlying legal intent in requiring the report to state whether death

lant alleged he was suffering from tuberculosis, from which he died, at the time of delivery.

In Continental Cas. Co. v. Fountain, Tex.Civ.App., 257 S.W.2d 338, writ ref., the jury found death was solely caused by bodily injury and insured was not afflicted with cancer at the time of his death. In its original opinion the court said there was no evidence in the record that cancer was not the cause of death, and stated a death certificate which recited death was caused by cancer "as a matter of law establishes a defense of death due to cancer, unless it is rebutted."

On rehearing it said, however, "We did not reverse the trial court's judgment on the ground that deceased did or did not have cancer. We reversed the case because there was no evidence" that death was effected solely through accidental means.

In Southland Life Ins. Co. v. Brown, Tex.Civ.App., 121 S.W.2d 653, writ dism., insurer contended a statement in a death certificate that insured committed suicide was conclusive. The court did not pass directly on admissibility of the recital, but rejected only the contention it was conclusive.

was accidental, suicidal or homicidal is the compilation of vital statistics for public purposes," and not to make the conclusions admissible to show accident or suicide when these matters are at issue in civil litigation.

In 69 A.L.R.2d 1151, 1152, 1158, the cases under official records acts are collated and analyzed, and the general rule from these decisions is summarized: "courts exclude statements contained in a report of a police or public officer or employee concerning the cause of or responsibility for an injury to person or property, notwithstanding the rule that public records and reports are admissible in evidence". In 153 A.L.R. 166 the rule from decisions which construe such statutory provisions is stated: "Notwithstanding the general rule that public records and reports are admissible in evidence, the courts almost universally exclude statements contained in such reports or records the cause of or responsibility for any injury to the person."

The judgment is affirmed.