**Elzora Thompson WINDOM, Appellant,**

**v.**

**Homer WINDOM, Jr., Appellee.**

**No. 15133.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Dec. 21, 1967.

Allie L. Peyton, Houston, for appellant.

John O. Hoyt, Humble, for appellee.

PEDEN, Justice.

This cause was filed by appellee in Probate Court to determine certain heirship

rights; from an adverse judgment in that court, he appealed to the District Court, where judgment was entered for appellee based on jury findings that a common law marriage had existed.

Appellant's first point avers that the trial court permitted a Mrs. Phillips to testify to conversations and transactions between herself and the decedent despite timely objections that such testimony was made inadmissible by the Dead Man's Statute, Article 3716, Vernon's Annotated Civil Statutes. We find that the trial court overruled only two objections based on Article 3716. The first was made when appellee's attorney asked Mrs. Phillips, whom he had called as a witness, "Did you ever live with him?" (referring to the decedent). The witness answered that she had. She then answered seven other related questions to which no objections were leveled.

Appellant's other objection based on Article 3716 which the trial court overruled, was directed to this question: "When you first started to live with Homer what, if anything, did he say about your relationship?" The witness' answer was to the effect that they were going to have a preacher marry them later, but that he said nothing about what they were going to do up to that time. Such an answer was certainly not harmful to appellant's contention that a common law marriage between the witness and the decedent did not exist.

No objection was made to the next few questions, and when the next objection was made, the trial judge on his own motion caused the jury to be retired. He inquired into Mrs. Phillips' interest in the case, and then instructed the jury as follows:

"Ladies and gentlemen, this witness has been interrogated on perhaps three or two occasions concerning, first, the conversation with the decedent, Homer Windom, Sr., and second, transactions that she had with such decedent, and which the defense has objected to * * *

The Court overruled the objections. On further examination of the facts, I have decided the objections were good. Therefore you will not give any consideration to the testimony heretofore given by this woman to the conversations with the decedent, and any transactions. The testimony in this respect is stricken from the record."

■ No further instructions were requested; a motion for mistrial was not filed. Specifically, the trial court was not asked to instruct the jury as provided by Rule 182–a, Texas Rules of Civil Procedure, and no objection was made concerning his failure to do so. After examining the entire record and noting in particular the trial judge's instruction to the jury as set out above, we find that the overruling of appellant's two objections based on Article 3716 was not reasonably calculated to cause and probably did not cause rendition of an improper verdict. Rules 434, 503, Texas Rules of Civil Procedure; Folse v. Monroe, 190 S.W.2d 604 (Tex.Civ.App., Beaumont, 1945, ref., w. m.).

■ By appellant's second point it is asserted that her cause was severely prejudiced by continued attempts of appellee's counsel to introduce evidence rendered incompetent by the Dead Man's Statute even after the court had instructed the jury to disregard such testimony.

We cannot say that some six or seven questions asked by appellee's counsel constitute no such attempt, but the trial judge promptly sustained appellant's objections, and usually did so without requiring that the grounds for them be stated.

We hold that the conduct complained of did not cause the jury to render an improper verdict.

■ Appellant's allegation that the evidence is insufficient to support the jury's findings as to the elements of a common

law marriage is not well taken. Even if we disregard all the testimony of Mrs. Phillips as to the common law marriage, there is sufficient testimony from each of three other witnesses to support the verdict.

The judgment of the Trial Court is affirmed.