**EMPLOYERS MUTUAL LIABILITY IN-SURANCE COMPANY OF WIS-CONSIN, Appellant,**

**v.**

**Lillian HUNTER et al., Appellees.**

**No. 7524.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 15, 1973.

Rehearing Denied Dec. 13, 1973.

Fairchild, Hunt & Price, Center, for appellant.

Seale & Stover, Jasper, Bill A. Martin, Newton, for appellees.

DIES, Chief Justice:

This is a workmen's compensation case. The jury found that immediately prior to his death J. C. Hunter had a heart attack, that he had such heart attack in the course of his employment, and that the heart attack was a producing cause of the death. Judgment was entered for deceased's wife and daughter, plaintiffs, from which insurer perfects this appeal.

Among its points of error is that there is no evidence deceased had a heart attack.

Two physicians testified. Neither examined the deceased prior to his death, and both assumed a heart attack in answer to hypothetical questions and in explaining the relationship of stress and strain to the precipitation of a heart attack. There was evidence of a previous heart attack in 1963.

Without objection, there was introduced in evidence a State of Louisiana Certificate of Death. This certificate signed by "Registrar" R. B. Thompson, M.D., gave this information: "Death was caused by: Immediate Cause (a) Heart failure, acute. Interval Between Onset and Death: Sudden." There is also found this statement on the certificate: "D.O.A. at War Memorial Hosp. After sudden attack of chest pain."

Vernon's Ann.Civ.St., Art. 4477, Rule 54a, provides in part: "Subject to the regulations of the State Department of Health controlling the accessibility of vital records, the State Registrar shall, upon request, supply to any properly qualified applicant a certified copy of a record, or any part thereof, registered under the provisions of this Act, for the making and certification of which he shall be entitled to a fee of Two Dollars ($2.00) to be paid by the applicant; provided, that such certified copies shall be issued in only such form as approved by the State Department of Health. *And any such copy of a record, when properly certified by the State Registrar, shall be prima facie evidence in all courts and places of the facts therein stated.*" (emphasis ours)

■ Clearly, this statute does not apply to the Louisiana certificate and all statements thereon found are hearsay. It was error, therefore, for the court to have submitted Special Issue No. 1. Ordinarily such error would require a rendition of the judgment against plaintiffs, appellees, but we are authorized in the interest of justice in such circumstance to remand the case for a new trial, which we now do.

Reversed and remanded.

## ON THE MOTION FOR REHEARING

Plaintiffs in their motion for rehearing contend that the Louisiana certificate is admissible by virtue of Art. 373la, § 2, V.A.C.S. It reads:

"Any written instrument which is permitted or required by law to be made, filed, kept or recorded (including but not limited to certificate, written statement, contract, deed, conveyance, lease, concession, covenant, grant, record, return, report or recorded event) by an officer or clerk of the United States or of another state or nation or of any governmental subdivision of any of the foregoing, or by his deputy or employee; or by any Notary Public of a foreign country in a protocol or similar book in the performance of the functions of his office, shall, so far as relevant, be admitted in the courts of this State as evidence of the matter stated therein, subject to the provisions in Section 3."

In discussing this statute, the Waco court in Armstrong v. Employers Casualty Company, 357 S.W.2d 168 at 171, 172 (Tex.Civ.App., Waco, 1962, no writ), had this to say:

"Although the rule in other jurisdictions is not uniform, the majority rule is summarized in 28 A.L.R.2d 362: 'In many jurisdictions there are statutes providing for the admission in evidence under certain circumstances of either (1) reports or death certificates issued by the coroner, (2) records of births and deaths generally, or (3) records of public officers generally.

" 'With respect to the question of the admissibility of the reports of coroners, these statutes have been consistently construed as not allowing their admission for the purpose of proving suicide,' and id. 354: 'As a general rule the coroner's finding or verdict is not admissible on the issue of suicide.'

"In stating that the 'weight of authority refuses to admit these opinions' as to whether a death is accidental or suicidal under statutes making contents of death certificates admissible as prima facie evidence of matters stated therein, the reason is given in 27 N.Y.U.L.Rev. 158 (1952): 'The rationale underlying legal

intent in requiring the report to state whether death was accidental, suicidal or homicidal is the compilation of vital statistics for public purposes,' and not to make the conclusions admissible to show accident or suicide when these matters are at issue in civil litigation."

We agree with this reasoning. In the case before us, Art. 3731a, § 2, V.A.C.S., would have made the Louisiana certificate admissible to prove Hunter's death, but it was never intended to and cannot be used as evidence to prove the *cause* of his death.

The motion for rehearing is overruled.