**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Carla Deronda GREGORY et al., Appellees.**

**No. 1131.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 18, 1976.

---

Dixie Smith, H. Lee Lewis, Jr., Fulbright & Jaworski, Houston, for appellant.

Tom Edwards, Kronzer, Abraham & Watkins, Houston, for appellees.

CIRE, Justice.

Carl Albert Gregory, an employee of Dow Chemical Company, died as a result of injuries he received when he fell or jumped from the roof of a building while working on his employer's premises. The Texas Employers' Insurance Association, Dow Chemical's workmen's compensation carrier, appealed to the district court from an award by the Industrial Accident Board of death benefits to Gregory's two daughters. The trial court awarded the claimants full compensation benefits, and the TEIA appealed. This court reversed and rendered in favor of TEIA on the basis that the evidence showed as a matter of law that Gregory's death was suicide. 521 S.W.2d 898. The supreme court reversed, stating "We do not believe that the evidence of the position of Gregory's body during the second half of its fall and its distance from the building upon impact establishes as a matter of law that Gregory purposely jumped from the roof with the intention of injuring himself. . . . [W]e do not believe that it is the only possible conclusion warranted by the facts". The case has been remanded to us for consideration of appellant's further points of error challenging the jury's verdict as being against the great weight and preponderance of the evidence and also challenging the trial court's exclusion of certain evidence.

The supreme court found that the testimony of the eye witness and the opin-

ions of the expert witness did not establish suicide as a matter of law. Since there is, therefore, no direct evidence which conclusively establishes that Gregory's death was suicide, we must consider whether the other evidence presented was sufficient to justify the jury's finding that it was accidental. The only other evidence consisted of testimony by Gregory's family, neighbors, and co-workers relevant to his state of mind. Some witnesses testified that Gregory was making plans for the future; others testified that he had been depressed and despondent. There was some evidence of Gregory's prior history of emotional illness. *Texas Employers' Insurance Association v. Gregory*, 521 S.W.2d 898, 901–902 (Tex.Civ. App.—Houston [14th Dist.]), *rev'd*, 530 S.W.2d 105 (Tex.Sup.1975). We think this conflicting evidence concerning Gregory's state of mind immediately prior to his death could reasonably have led the jury to conclude that his death was either accidental or suicidal; their finding that Gregory did not commit suicide was not contrary to the great weight and preponderance of the evidence.

■ Appellant asserts the trial court committed reversible error in excluding from the evidence a certified copy of a death certificate showing a finding by a justice of the peace that Gregory's death was probably suicide. The Sanitary Code, Tex.Rev.Civ.Stat.Ann. art. 4477, Rule 54a provides that a certified copy of such a record "shall be prima facie evidence in all courts and places of the facts therein stated." As provided by the Sanitary Code, Rule 41a, the death certificate contained, in addition to "such facts . . . as will be of assistance in identifying the deceased", a notation that the death was "(probably) suicidal." This notation is not a "fact" as contemplated in Rule 54a, but is, rather, an opinion of the justice of the peace. The justice of the peace did not testify; he was not present at Gregory's death, and there was no showing of the basis on which he reached his conclusion that Gregory's death

was probably suicidal. In our opinion the court did not err in excluding the certificate. *See Armstrong v. Employers Casualty Co.*, 357 S.W.2d 168, 169–170 (Tex.Civ. App.—Waco 1962, no writ).

■ Appellant also contends that the trial court committed reversible error in excluding records of Gregory's hospitalization in 1961 for psychiatric treatment. The court did admit a portion of hospital records concerning Gregory's hospitalization in 1968.

Those records include references to Gregory's hospitalization and treatment in 1961:

The informant states that he tried to kill himself prior to his admission here in 1961. He received electroshock therapy in 1961 as far as the informant can remember.

In view of the fact that this evidence was before the jury, we hold that the error, if any, of the trial court in refusing to admit the hospital records from 1961 was not reversible error.

The judgment of the trial court is affirmed.

CURTISS BROWN, C. J., not participating.